# Jackson *et al.*, Adm'rs, *v.* Scott *et al.*

| 67 | 99 |
|----|----|
| 93 | 323 |
| 67 | 99 |
| 101 | 553 |

### *Statutory Real Action.*

1. *Mortgage, sale of lands under, when a nullity.*—A sale of lands, under a power of sale contained in a mortgage, which rests wholly in parol, does not divest the mortgagee of the legal title, nor cut off the mortgagor's equity of redemption, and is a mere nullity.

2. *Same; payment of mortgage debt, no defense to action of ejectment.*—Payment of the mortgage debt, in whole or in part, after forfeiture, is no defense to an action of ejectment by the mortgagee.

APPEAL from Randolph Circuit Court.

Tried before Hon. JOHN HENDERSON.

This was a statutory real action brought on January 28, 1876, by H. R. Jackson and Mary A. Jackson, as administrator and administratrix of the estate of Wm. Jackson, deceased, against John R. Scott and J. Hawkins. On the trial, the plaintiffs put in evidence a mortgage made March 18, 1871, by Benj. East and wife, conveying certain lands to Wm. Jackson, to secure the payment of two promissory notes. The land was described in the mortgage as "the *north* quarter of the south-west quarter of section 12, in township 20, and range 11, also a part of the north-west quarter of the south-west quarter of same section, township and range, commencing at the south-east corner of said tract, and running north two acres in length and one in breadth, containing two acres, on which are situated the mills." The complaint claimed the *north-east* quarter of the south-west quarter of section 12, township 20, range 11, besides the other land described in the mortgage. The plaintiffs proved that Benj. East, at the time of the execution of the mortgage, was in possession of the land described in the mortgage exercising acts of ownership over it. The plaintiff, for the purpose of showing that the *north* quarter of the south-west quarter, described in the mortgage, was the *north-east* quarter of the south-west quarter, offered to prove that Benj. East, at the time the mortgage was executed, resided on, and owned, the north-east quarter of the south-west quarter of said section, township, and range, and that it lay adjoining, and to the east of, the two acres described in the mortgage, and that he owned no other lands in said section 12. The court refused to allow this proof to be made for that purpose and plaintiff excepted. The defendants proved that in January, 1876, H. R. Jackson,

as administrator of Wm. Jackson, sold the land described in the mortgage under the power of sale contained therein, besides the remnant of a stock of goods and accounts which were bid off by him for the estate of Wm. Jackson, at $748.52. No deed was made to any part of the land under or by virtue of the sale, and no memorandum thereof in writing was made at the time of said sale. The defendant offered to show by Benj. East that the value of the accounts, and the remnant of the stock of goods, exceeded the amount due on the mortgage, but the plaintiffs objected to this evidence. The court sustained the objection, and defendants excepted. The court, at the request of the defendants, charged the jury, in writing, that if they believed all the evidence they must find for the defendants. The court gave this charge, and defendants excepted. The ruling of the court on the evidence, as shown above, and the giving of the charge, are assigned as error.

WATTS & SONS, for appellants.—The evidence to show that by the north quarter of section 12, was meant the north-east quarter of the south-west quarter, did not tend to contradict or vary the deed, but merely identified the land actually conveyed. It was competent to explain the latent ambiguity as to which one of the two quarters of the south-west quarter was meant.— *Wilkerson v. Hughes*, 35 Ala. 453 ; 28 Ala. 164; 27 Ala. 142; 33 Ala. 161 ; 8 Ala. 502 ; 41 Ala. 292 ; Whart. on Ev. 941, *et seq.* The mortgage vested the legal title to the lands in Wm. Jackson, and his personal representative could maintain ejectment.—*Lewis v. Wills*, 50 Ala. 198 ; *Russell v. Irwin*, 41 Ala. 292. The sale of the land, whether valid or invalid, could not prevent a recovery of the land sold and bought for the estate.—45 Ala. 482 ; 2 Jones on Mortgages, 1894. The title of Jackson was not divested by the sale.—37 Ala. 354 ; 14 Ala. 476. The general charge given by the court was erroneous. Payment of the mortgage debt, after forfeiture, is no defense to an action of ejectment by a mortgagee.

SMITH & SMITH, for appellee. (No brief on file.)

BRICKELL, C. J.—1. The lands are not accurately and artificially described in the mortgage, yet, taking the description in its entirety, there is no uncertainty as to the lands intended to be conveyed. The conveyance is of two several and adjoining parcels of land. The parcel of two acres, on which the mills are situate, is not part of the other parcel, designated as the *north quarter* of the quarter section. They form a separate tract, conveyed in addition to the tract there-

by designated. They adjoin that tract, and are described *as part of the north-west quarter* of the quarter section. The boundary of them is commenced at the south-east corner of *the said tract,* referring evidently to the preceding words, *north-west quarter of the south-west quarter.* Thus, it is rendered certain, looking alone to the description, that *north quarter* means, and can mean only, *the north-east quarter of the south-west quarter.* To that quarter only are the words capable of application, and the whole description, when taken in connection, of itself applies the words to that quarter. When so applied, there is no uncertainty or ambiguity to be explained by parol evidence, or by resorting to the relations of the mortgagor to the several parcels of land.

2. The sale of the lands under the power in the mortgage, resting wholly in parol, did not divest the legal estate of the mortgage, or cut off the equity of redemption of the mortgagor—it was as to the lands a mere nullity. Payment of the mortgage debt in part, or in whole, is not in a court of law a defense to an action of ejectment brought by the mortgagee. *Slaughter v. Doe, ex dem,* MSS. The Circuit Court erred in the charge given on the request of the defendants.

Reversed and remanded.