# Cooper *v.* Hornsby.

*Bill in Equity by Mortgagor to Redeem Lands Sold under Power of Sale.*

1. *Redemption of lands by mortgagor; within what time allowed.*—An offer by a mortgagor to redeem lands sold under a power of sale contained in the mortgage, whether made by bill or otherwise, must be made within two years from the date of sale, unless the mortgagee was the purchaser; in that event a bill to set aside the sale and to redeem may be filed within a reasonable time, to be determined by the circumstances of each particular case.

VOL. LXXI.

[Cooper v. Hornsby.]

2. *Parol sale of land under power contained in mortgage; mortgagor can not complain of.*—A mortgagor can not complain that a parol sale of lands by the mortgagee under a power contained in the mortgage is void, because it was not evidenced by writing as required by the statute of frauds. The benefit of this statute is not available without being specially pleaded, and if waived, and the contract is admitted or satisfactorily proved, it will be enforced.

3. *Same; equity of redemption cut off by.*—Such a sale is obligatory on the parties and valid so long as they treat it as binding, and it operates to cut off the mortgagor's equity of redemption, leaving in him merely the statutory right to redeem, which can only be asserted within two years from the date of the sale.

4. *Sale of lands under power contained in mortgage; payment of purchase-money.*—Whether a purchaser of lands under a power contained in a mortgage paid the purchase-money in lawful currency, or by a debt due him from the mortgagee, is a matter resting exclusively with them, with which the mortgagor is in no way concerned.

APPEAL from Elmore Chancery Court.

Heard before Hon. CHARLES TURNER.

The bill in this cause was filed on 24th August, 1875, by John Cooper against Elizabeth Hornsby and others, the widow and heirs at law of Leonard A. Hornsby, deceased, seeking to redeem certain lands which were sold under a power contained in a mortgage executed by Cooper to the said Leonard A. Hornsby, deceased. It appears from the record, that on 28th November, 1870, John Cooper, being indebted to Leonard A. Hornsby, executed to him a mortgage on the lands sought to be redeemed with a power of sale, to secure such indebtedness. The law-day of the mortgage was 1st November, 1871. Default having been made in the payment of the debt, the mortgagee sold the lands conveyed by the mortgage on 16th December, 1871. The bill charges that at the sale Leonard A. Hornsby purchased the lands, and immediately went into the possession thereof under his purchase, and that he and his heirs have ever since been in possession, and that the rental value of the lands was more than sufficient to pay off and satisfy the mortgage debt. The bill avers that there had been no administration upon the estate of Leonard Hornsby, deceased. The defendants answered, admitting the execution of the mortgage and the sale thereunder, but denying that their ancestor purchased the lands at said sale, averring that one William Golden became the purchaser thereof. The theory of the defense on this point was, that Golden paid for the lands by crediting the purchase-money on a debt which Hornsby owed him, and that afterwards Hornsby purchased the lands from Golden, paying him therefor. The conclusion of this court on this disputed question of fact is stated in the opinion, and it would serve no good purpose to set out the evidence bearing on it. No deed was made by Hornsby to Golden, or afterwards by Golden to Hornsby. Before final decree the complainant died, and the

cause was revived in the names of an administrator *ad litem* appointed by the court, and of John T. Cooper and others as the heirs at law of the said John Cooper, deceased.

On final hearing, had upon the pleadings and proof, the Chancery Court entered a decree dismissing the bill, and that decree is here assigned as error.

J. M. FALKNER, for appellant.

SUTTLE & KYLE, *contra.*

(No briefs came to the hands of the reporter.)

SOMERVILLE, J.—Where a bill to redeem is filed by a mortgagor, the time within which it should be filed depends upon the character of the particular case.

Where there has been no sale or foreclosure by the mortgagee, the suit may generally be commenced at any time within which a statutory bar would not accrue, which, in cases of real estate, is ten years.—*Coyle v. Wilkins,* 57 Ala. 108.

Where the mortgagee has made a sale under a power contained in the mortgage, and has become the purchaser at his own sale, a bill to set aside the sale and redeem may be filed within a *reasonable time,* to be determined by the circumstances of each particular case.—*Robinson v. Cullom & Co.,* 41 Ala. 693.

In cases where two or more mortgages have been given on the same property, and the first or prior ones have been foreclosed, without making the second or junior mortgagee a party, the latter may file a bill to redeem at any time while his mortgage is operative, not exceeding the statutory limitation of five years.—Code, 1876, § 3227; *Wiley v. Ewing,* 47 Ala. 418.

Where, however, there has been a foreclosure under or by virtue of a decree in chancery, or under power of sale conferred in the mortgage, the offer to redeem by the debtor, whether made by bill or otherwise, must come within two years from the date of sale. This is under the provisions of the statute, as found in section 2877 of the present Code.

One of the first questions presented for determination by the record in this case is, whether Hornsby, the mortgagee, was the real and true purchaser at his own sale, made on December 16, 1871, or whether Golden purchased *bona fide* for himself, and re-sold to Hornsby without previous collusion or pre-arrangement. If he acted as the agent of Hornsby, the purchase made by him may be avoided by seasonable dissent. If not, the sale would cut off the mortgagor's equity of redemp-

tion, and the offer to redeem would be barred after the lapse of two years.

The weight of the testimony, we think, after a careful examination of it, favors the view that Golden bought the mortgaged land for himself, and that he re-sold it to the mortgagee.

It is true that no deeds were executed between the parties, but this was material only as affecting the legal title to the lands in question, which could be divested only by the execution and delivery of a conveyance in writing.—2 Jones on Mortg. § 1894; *Graham v. Newman*, 21 Ala. 497. It may be conceded that the purchaser could not have sustained an action of ejectment at law on such a title.—*Jackson v. Scott*, 67 Ala. 99. The purchase by Golden, however, gave him a right to compel the mortgagee, by specific performance, to convey to him. Whether he settled the purchase-money in lawful currency, or by a debt due him from the mortgagee, was a matter resting exclusively with them, and with which the mortgagor, Cooper, had no concern. Nor could third parties complain that these transactions were void under the statute of frauds, because not evidenced by writing. The benefit of this statute is not available without its being specially pleaded, and if waived, and the contract is admitted, or satisfactorily proved, it will be enforced. Such agreements are, therefore, not strictly *void*, but *voidable* merely.—*Houston v. Hilton*, 67 Ala. 374; *Patterson v. Ware*, 10 Ala. 444; *Gillespie v. Battle*, 15 Ala. 276. And where there is a past execution of a parol agreement to sell lands by delivery of possession to the vendee, and payment of a portion of the purchase-money, the statute of frauds has no application.—Code, § 2121; *Brewer v. Brewer*, 19 Ala. 481.

The sale made under the power by Hornsby to Golden, being obligatory on the parties and valid so long as they treated it as a binding agreement, it operated to cut off the equity of redemption of the mortgagor, Cooper, and reduced it to a mere statutory right of redemption. This could be asserted at any time within two years from the date of sale. The bill in this case, having been filed after the lapse of this period, was without equity, and was properly dismissed. The decree of the chancellor must therefore be affirmed.