# Comer *v.* Sheehan.

*Action for Rent, by Mortgagee, against Mortgagor's Tenant.*

1. *Extinguishment of rent, by tripartite agreement between landlord, his creditor, and tenant.*—A tripartite agreement between the landlord, his creditor, and the tenant or lessee, by which the latter assumes the landlord's pre-existing debt to the amount of the stipulated rent for the year, executing to the creditor his negotiable promissory notes secured by mortgage, which the creditor accepts in satisfaction, *pro tanto*, of the landlord's indebtedness to him, entering a credit as for a partial payment, operates on the principle of novation and substitution, and effects an extinguishment of the original debts between the parties.

2. *Rents and profits, as between mortgagor and mortgagee.*—As against all the world, except the mortgagee and those claiming under him, the mortgagor is regarded as the owner of the mortgaged property, and has the right to convey or lease them, subject to the mortgage; and he is entitled to the rents and profits, even after the law-day and default made, until they are intercepted by some active assertion of claim on the part

[Comer v. Sheehan.]

of the mortgagee, either by notice to the tenant in possession, or by bill in equity to foreclose.

3. *Lease of premises by mortgagor.*—Under a mortgage of lands which are subject to an outstanding lease, the mortgagee is regarded as the assignee of the reversion, and is entitled to the rents past-due and unpaid, as well as those afterwards accruing, though the tenant is justified in paying them to the mortgagor, until they are intercepted by notice, or proper legal proceedings; but, when the lease is made by the mortgagor after the execution of the mortgage, it is not binding on the mortgagee, who may annul it at pleasure, and eject the lessee as a trespasser; and he can not treat the lessee as his tenant, by merely giving him notice to pay rent.

4. *Purchase by mortgagee at sale under power; notice to tenant in possession.*—When a mortgagee becomes the purchaser at his own sale under a power in the mortgage, the sale is valid as between the parties, notwithstanding the statute of frauds, unless set aside within two years; and if the land is in the possession of a tenant, under a lease executed by the mortgagor subsequent to the mortgage, statutory notice to him by the mortgagee, as such purchaser, "vests in him the right to the possession in the same manner as if such tenant had attorned to him" (Code, § 2878); but, while he may, possibly, thereby acquire a right to maintain an action for future use and occupation, he can not recover rents past-due and unpaid, which the mortgagor had already transferred to another.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. H. D. CLAYTON.

This action was brought by Hugh M. Comer, as surviving partner of Bates & Comer, against Daniel T. Sheehan; and was commenced on the 3d December, 1883.   By his complaint, the plaintiff claimed of the defendant "four hundred dollars due by him on the 1st December, 1883; for the rent of a warehouse in the city of Eufaula, Alabama, for the months of October and November, and a portion of the month of September, 1883; which said sum, with interest thereon from the 1st December, 1883, is due and unpaid."   The defendant pleaded, "in short by consent, 1st, the general issue; 2d, payment of all the rent; 3d, leave to prove any special matter of defense not requiring a sworn plea;" and issue was joined on these pleas. On the trial, as the bill of exceptions shows, the facts were agreed on, and reduced to writing; and on these facts, the court charged the jury, on the request of the defendant, that they must find for him, if they believed the evidence.   The plaintiff excepted to this charge, and he here assigns it as error.

McKLEROY & COMER, for appellant.—A mortgagor in possession, after the law-day and default made, or condition broken, is only the tenant at will, or by sufferance, of the mortgagee; and while he may receive the rents, so long as he is allowed to remain in possession by himself or tenants, this right ceases when the mortgagee enters, or when the purchaser at the mortgage sale gives notice.—*Duval's Heirs v. McLoskey*, 1 Ala. 708;

*Mansony & Hurtel v. U. S. Bank*, 4 Ala. 746; *Coker v. Pearsall*, 6 Ala. 542; *Smith v. Taylor*, 9 Ala. 633; *Hutchinson v. Dearing*, 20 Ala. 798; *Knox v. Easton*, 38 Ala. 356; *Micou v. Ashurst*, 55 Ala. 607; *Woodward v. Parsons*, 59 Ala. 628; *Otis v. McMillan & Son*, 70 Ala. 53; *Johnston & Stewart v. Riddle*, 70 Ala. 225; *Branch Bank v. Fry*, 23 Ala. 770; *Marx v. Marx*, 51 Ala. 222; Jones on Mortgages, vol. 1, §§ 773–80. If a mortgagor, while so in possession after default made and condition broken, can make a valid lease for one year, collect the entire rent in advance, or transfer it for value to a third person, to the injury or destruction of the mortgagee's rights, he may do so for five, ten, or any other number of years, within the limits of a lawful lease. But the rent sued for was in fact past-due and unpaid, and the bank was not entitled to protection as an assignee for valuable consideration without notice; being chargeable with constructive notice of the mortgage, and having only given the mortgagor credit on an existing indebtedness.—*Loeb & Bro. v. Flash Brothers*, 65 Ala. 542. In addition to his rights as mortgagee, the plaintiff became the purchaser at the sale made under the power in the mortgage; and having given the statutory notice to the tenant in possession, the right of possession thereby vested in him, by the express words of the statute, "in the same manner as if such tenant had attorned to him."—Code, § 2878. These words are without meaning or effect, unless they dispense with the necessity of an attornment by the tenant, and create the relation of landlord and tenant between the purchaser and the person so in possession; and where this relation exists, an action for rent due and unpaid may be maintained.

WATTS & SON, and S. H. DENT, *contra.*—On the admitted facts, the plaintiff might have maintained ejectment against the defendant, and might have ejected him as a trespasser; but there was no privity between them, and he could not maintain an action for rent.—1 Jones on Mortgages, § 777; Taylor's Landlord & Tenant, §§ 120–21; *Shumake v. Nelms*, 25 Ala. 126; *Smith v. Houston*, 16 Ala. 111; *McCuan v. Tanner*, 54 Ala. 84; *Bisquay v. Jennelot*, 10 Ala. 245; *Langford v. Green*, 52 Ala. 103; *Kennon v. Wright & Frazier*, 70 Ala. 434. If the plaintiff had been the assignee of the reversion, he could not have recovered under his complaint.— *Wise v. Falkner*, 51 Ala. 362. His purchase at the sale under the mortgage gave him no additional rights, since, as mortgagee, he was entitled to the possession after the law-day and default, and might have recovered it by action; nor is there any proof that he has ever received any conveyance as purchaser, or made any demand for the rents. But there could be no recovery of rent *eo nom-*

[Comer v. Sheehan.]

*ine,* since that was extinguished by the original contract between Hart, Sheehan, and the bank.—*Knighton v. Curry,* 62 Ala. 404; *Underwood v. Lovelace,* 61 Ala. 155.

SOMERVILLE, J.—The suit is one brought by the plaintiff against the defendant, claiming the sum of four hundred dollars, alleged to be due "for the *rent* of a warehouse in the city of Eufaula," for the last quarter of the year 1883. No relation of landlord and tenant is averred to exist between the parties, nor is there any statement in the complaint of any promise, express or implied, by the defendant, to pay the amount claimed to the plaintiff, nor of facts from which such a promise may be inferred.

It is disclosed by evidence, that the plaintiff's claim was based upon the fact of being *mortgagee* in a mortgage conveyance of the warehouse premises, and also of being a *purchaser* at his own sale, made under a power contained in the mortgage. The premises were owned by one Hart, who mortgaged them to the plaintiff, in February, 1881, with power of sale on default. *After* the execution of this mortgage, Hart leased the premises to the defendant, Sheehan, for about the sum of two thousand dollars; the rental year commencing August the first, 1883, and ending August the first, 1884. The entire amount due for rent was settled by the following arrangement made between the plaintiff, the defendant, and the Eufaula National Bank: Hart owed the bank, and the latter agreed to take Sheehan's notes for an amount equal to the rent, and discharge Hart, *pro tanto,* on his indebtedness. These notes were given in the form of commercial paper, payable to Hart, or bearer, and were delivered immediately to the bank, being secured by a mortgage executed to the latter by Sheehan. Hart received a corresponding credit on his indebtedness. One of these notes, for four hundred dollars, fell due on December 1st, 1883,—the only one necessary to be particularly considered, as the claim made in this action is predicated upon it.

The mortgaged property was advertised by Comer, the mortgagee, and sold under the power of sale conferred by it; the proceedings being in all respects regular, and he becoming the purchaser at his own sale, on November 15, 1883. On the twenty-seventh of the same month, and prior to the first of December, 1883, the plaintiff, as purchaser, gave notice to the defendant, as tenant in possession, of the fact of his purchase, and that the property had not been redeemed,—all in full accordance with the requirements of the statute.—Code, 1876, § 2878.

The court below charged the jury, under this state of facts, that the plaintiff was not entitled to a recovery of the rent sued

for, and that they must find for the defendant, if they believed the evidence.

It is a material consideration, of primary importance, that the arrangement made between Sheehan, Hart and the bank, which was tripartite in its nature, created a new contract, which operated as a payment of the rent-debt, on a principle analogous to that of novation and substitution. The principle is, that where several persons are mutually indebted to each other, they may, by agreement amongst themselves, vary their respective liabilities, and substitute one debt in the place of another. "By a mutual contract and arrangement," says Mr. Addison, "between all the parties interested—creditor, debtor, and payee —the original debts are extinguished, and the annihilation of those debts is a sufficient consideration for the promise to pay the new debt."—1 Add. Contr. (Amer. Ed.) § 373, p. 528. The term *novation* has been defined to be, "a transaction whereby a debtor is discharged from his liability to his original creditor, by contracting a new obligation in favor of a new creditor, by order of his original creditor."—1 Parsons Contr. 217*; Pothier's Oblig. 546–549.

The legal effect of the present transaction, in our judgment, was, by mutual agreement of all the contracting parties, an assumption by Sheehan of a portion of Hart's debt to the bank, equal in amount to his own debt due to Hart, which was for the rent. It was distinctly agreed, that Hart's debt should be discharged, *pro tanto;* and the law operated to discharge Sheehan's debt, by the intervention of a new creditor, who was substituted, by consent, for the old one, thus liberating him from all obligation to pay Hart any thing. The essential nature of the transaction can not be varied by the fact, that the notes of Sheehan were made payable to "Hart, or bearer," as they were delivered immediately to the bank, and do not appear to have even passed through the hands of the nominal payee, the use of whose name was conventional merely, or else for the purpose of super-adding his conditional liability as indorser. The transaction was not a mere transfer of the rent-notes of Sheehan to the bank, but rather the assumption by Sheehan of a portion of Hart's debt to the bank, equal in amount to the rent debt, and based upon it as a legal consideration.

The case must, therefore, be regarded as one of a lease made by a mortgagor, subject to the rights of the mortgagee, where the tenant has undertaken to pay the entire rent for the year in advance.

The plaintiff bases his right of recovery, as we have said, both upon the fact of being *mortgagee*, and *purchaser*, at his own sale, of the equity of redemption. The defense of the tenant is based on the theory, that the plaintiff is not entitled

[Comer v. Sheehan.]

to the rents as mortgagee, because he has never demanded them; nor as purchaser, because there is no privity of contract between them as landlord and tenant, and, if liable at all, that he is liable only for mesne profits, or use and occupation from the time of notice given, which was on the twenty-seventh day of November, 1883.

The rights of the mortgagor in the mortgaged premises are well settled. He is regarded as owner of the property, as against all persons except the mortgagee and those claiming under him.—*Allen v. Kellam*, 69 Ala. 442.' He has the power of conveying or leasing the premises, subject to the incumbrance, and is entitled to the rents and profits, until they are intercepted by some active assertion of claim to them by the mortgagee, made after law-day of the mortgage, either by giving notice to the tenants in possession, or by filing his bill in a court of equity for the purpose of foreclosure.—*Johnston v. Riddle*, 70 Ala. 219; *Scott v. Ware*, 64 Ala. 174; 1 Jones Mortg. § 670; Taylor's Land. & Ten., §§ 118–119.

There is no evidence of any demand being made by the plaintiff for the rents, and it can not be contended that there can be any recovery from the tenant by the plaintiff, in the capacity of mortgagee, without such demand.

It is contended, however, with more plausibility, that the plaintiff can recover as *purchaser*.

There is a manifest distinction between the rights of a mortgagee, as against a tenant, where the mortgage is *prior* in point of time to the lease, and where it is *subsequent* to it. We speak now of the rule at common law, apart from any influence of statutory changes. Where a lease is first made for a term of years, reserving rent, there is nothing besides reserved to the lessor, apart from the benefit of certain covenants, but the reversion. A mortgage, or other conveyance, afterwards made by the lessor, is, therefore, a mortgage of the reversion, and carries with it the rent, which is not yet due, as a mere incident. In other words, the mortgagee, as assignee of the reversion, has no higher rights than the mortgagor. By reason of his privity of estate, he is entitled to the rents, past-due and unpaid, as well as those accruing in the future; but until he intercepts them by notice, or legal proceedings, the tenant is justified in paying them to the mortgagor. The effect of demand by notice is to create, of itself, the relation of landlord and tenant between the mortgagee and tenant in possession under the lease.—Taylor's Land. & Ten. § 119; 1 Jones on Mortg. §§ 773–776.

But the rule is different, *where the lease is executed after the mortgage*. It is not, in such case, binding on the mortgagee, and may be annulled or extinguished at his pleasure. The

tenant, moreover, who holds under such a lease, may be treated by the mortgagee as a mere trespasser, and ejected without notice.—*Jackson v. Fuller*, 4 John. 215. The mortgagee can not, as in the former case, make the tenant in possession his own tenant, merely by giving him notice to pay rent. To create this relationship, there is required to be an *attornment* of the tenant, or some act on his part which will operate as its legal equivalent.—Taylor's Land. & Ten. § 129 ; 1 Jones Mortg. § 777.

A question of moment pressed on our consideration is, as to how far this principle has been modified by our statutes.

Section 2878 of the present Code is invoked, as being conclusive of one phase of the question before us. It is declared in the section preceding (2877), that where real estate, or any interest therein, is sold under any power of sale in a mortgage, or in other way therein specified, the debtor has two years within which to redeem. Section 2878 proceeds to provide as follows: "The possession of the land must be delivered to the purchaser, within ten days after the sale thereof, by the debtor, if in his possession, on demand of the purchaser, or his vendee. If the land is in possession of a tenant, *notice to him* by the purchaser, or his vendee, of the purchase, after the lapse of ten days from the time of the sale, and that it has not been redeemed, *vests the right to the possession in him, in the same manner as if such tenant had attorned to him.*"

We are of opinion, that one who purchases, as mortgagee, at his own sale, comes within the benefit designed to be secured by this statute, although no deed, or other written memorandum of the sale, is made at the time, so as to rescue the transaction from the influence of the statute of frauds. The case of *Cooper v. Hornsby*, 71 Ala. 62, decides that such a sale is valid, as against third parties, on collateral assailment, not being strictly void, but voidable merely by interposition of the statute, which is considered as waived, unless specially pleaded by one having the right to set up the defense. The sale, therefore, is binding so long as the parties do not object to its validity, and it would operate to cut off the equity of redemption of the mortgagor, and reduce it to a mere statutory right of redemption after the lapse of two years.—*Cooper v. Hornsby, supra,* 71 Ala. 65 ; see, also, *Harris v. Miller*, 71 Ala. 26.

The notice, therefore, which was served by the plaintiff upon the defendant, as tenant, on the twenty-seventh day of November, 1883, operated, under this statute, merely to vest in the plaintiff *the right to the possession* of the mortgaged premises, "in the same manner as if such tenant had *attorned* to him." Code, § 2878. This is in full harmony with another provision of the Code, which makes every conveyance of real estate,

[Comer v. Sheehan.]

which is occupied by a tenant, "good and effectual without. at-tornment."—Code, § 2177. The settled rule of the common law anciently was, that no tenant could be compelled to recognize any purchaser of the reversion as a landlord. He could refuse to attorn to him, and thus defeat the conveyance. And such refusal, of course, at the same time defeated the purchaser's right of possession.—Co. Litt. 309 *a, n.* (1); *English v. Key*, 39 Ala. 116. The clear purpose of the statute is to correct the mischief of this principle. It dispenses with any necessity of attornment, and abrogates the right of the tenant to withhold his fealty, as tenant, from the purchaser as landlord, unless he chooses to abandon his lease and quit the premises.

To what extent does this entitle the purchaser to rents, either as such, or by way of use and occupation, in the event of the tenant's continuing to hold possession ? It is obvious that his rights in this particular can not, at best, be superior to the combined rights of the mortgagor and of the mortgagee, whose respective titles have coalesced in him in his new relationship. The whole can not be greater than the sum of its parts. The mortgagor had no right to any rent, because he had collected it all. There being no rents due, and none to fall due, the mortgagee could only claim for future rents, based upon use and occupation. The policy of our statutes is to protect tenants against coerced exactions of double rent. Where a sale of lands is made while in the possession of a tenant, the latter is protected from liability to the purchaser for rents, so long as he is without notice of the conveyance.—Code, § 2177. So, a tenant who is in possession, asserting rights under a lease from another, is declared not to be liable, in actions for realty, "beyond the rent in arrear at the time of suit brought, and that which may accrue during the continuance of his possession."—Code, § 2965.

If the plaintiff had any remedy, it was not in the form of action here adopted; but by action, probably, for use and occupation, or for *mesne* profits,—a point, however, which we do not now undertake to decide.—Code, 1876, § 2956 ; Taylor's Land & Ten. §§ 639 *et seq.* ; §§ 710–712.

Judgment affirmed.