# Welsh *v.* Coley.

### *Bill in Equity by Mortgagor, for Redemption.*

82　363
100　467
82　363
108　594

1. *Sale under power in mortgage; when not set aside*—A sale of lands, under a power in a mortgage, will not be set aside at the instance of the mortgagor, at least after he has acquiesced in it for nine years, because the mortgagee was not present at the sale, and his agent who made it, and who also acted as the auctioneer, had no written authority, and became himself the purchaser.

2. *Statute of frauds; memorandum of auctioneer, and who may contest its sufficiency.*—In a controversy between the mortgagee and a purchaser at a sale under the power, the sufficiency of the auctioneer's memorandum of the sale, under the statute of frauds (Code, § 2122), would be a material subject of inquiry; but, if they ratify and recognize the sale as valid and binding, the mortgagor can not be heard to question the sufficiency of the memorandum, or the authority of the auctioneer.

3. *Conveyance without attesting witnesses or acknowledgment.*—An instrument of writing in the form of a deed, but without either attesting witnesses or a certificate of acknowledgment, is inoperative as a conveyance (Code, §§ 2145-6); but it is a binding obligation to convey, and operates to avoid the statute of frauds.

4. *Usury as defense; when waived.*—Usury is a personal defense, and, to be available, must be properly asserted; and it is waived and

lost, when the mortgagor fails to assert it until after the purchaser, at a sale under the power, has paid the full amount of the mortgage debt, including the illegal interest.

5. *Variance between allegations and proof.*—Where the bill asserts a right to redeem from the mortgagee, ignoring a sale under the power, at which a third person became the purchaser, while the proof shows full payment of the mortgage debt by the purchaser, and a subsequent agreement between him and the mortgagor for a redemption by the latter, there is a fatal variance between the allegations and the proof.

APPEAL from the Chancery Court of Tallapoosa.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed on the 7th January, 1885, by J. J. Welsh, against Andrew J. Coley, E. M. Barnes, and others (as tenants and claimants in possession), asking a redemption and the cancellation of a mortgage, which the complainant and his wife had executed to said Coley, and alleging usury and full payment. On final hearing, on pleadings and proof, the chancellor dismissed the bill; and his decree is now assigned as error. The opinion states the material facts.

WM. H. BARNES, and A. J. TERRELL, for appellant.—The charge of usury is fully proved, and, deducting the illegal interest, full payment of the mortgage debt is established. In defense of the right to a redemption and cancellation, the answers set up an attempted foreclosure by a sale under the power; and the *onus* is on them to prove every thing necessary to constitute a valid sale.—2 Jones on Mortgages, § 1830; *Borland v. Walker,* 7 Ala. 273; *Jordan v. Jordan,* 17 Ala. 466. No valid sale is shown, because it is not shown that notice was given as required by the terms of the mortgage; and because there was no sufficient memorandum of the sale to avoid the statute of frauds; and because the mortgagee's agent and attorney, who made the sale as auctioneer, had no written authority, and his principal was not present; and because said agent became himself the purchaser.—*Hutton v. Williams,* 35 Ala. 516; *Knox v. King,* 36 Ala. 367. But it is evident that the alleged purchase by Barnes was a mere pretense, and that he was only acting as agent for Coley; for, when complainant afterwards offered to pay $140 to Coley, the latter referred him to Barnes as his agent and attorney; and Barnes received the money, and paid it over to Coley. The subsequent conveyance executed by Coley to Barnes, being without attestation or acknowledgment, is a nullity. *Evans v. Richardson,* 76 Ala. 329; *Goodlett v. Hansell,* 66 Ala. 151; s. c., 56 Ala. 346; *Bank v. Jones,* 59 Ala. 123; *Stewart v. Beard,* 69 Ala. 470. There is nothing in these

[Welsh v. Coley.]

proceedings to bar the complainant's equity of redemption.

OLIVER & GARRETT, *contra*, cited Jones on Mortgages, vol. 2, §§ 1861, 1865; *Lewis v. Wells*, 50 Ala. 198; *Lee v. Chapman*, 47 Ala. 143; *Cooper v. Hornsby*, 71 Ala. 65; *Robinson v. Cullom & Co.*, 41 Ala. 693.

STONE, C. J.—It is not denied in this case that Welsh executed to Coley his note for two hundred and sixty-seven dollars, due in December, 1872, and contemporaneously a mortgage, with power of sale, on two hundred and twenty acres of land, to secure its payment. We think the testimony requires us to regard as proved the following state of facts: That notice of time, place, and terms of sale, was given by Coley, the mortgagee, as required by the mortgage; that public sale of the lands was made pursuant to the advertisement; that Barnes became the highest and best bidder, at the sum of two hundred and eighty dollars, and was proclaimed the purchaser; that the amount due to Coley on the mortgage, according to its face, was paid by Barnes to Coley; and that the latter executed to the former, what was intended to be a title deed, but which was without witnesses, and without certificate of acknowledgment. It is also shown that the sale under the mortgage took place June 20, 1873; that Barnes acquired possession of the premises in the spring of 1876, and he and those claiming under him have held possession under him ever since. The present bill was filed in January, 1885.

The bill, filed by the mortgagor, Welsh, to redeem from Coley, the mortgagee, sets up usury in the mortgage debt; avers payment of the money actually due, with lawful interest upon it, and offers to pay any balance due, should there be such balance. It makes no allusion to the sale, or attempted sale, set forth above, but treats the mortgage, in all respects, as if no attempt at foreclosure had been made. If there was any usury in the debt, it is not shown that Barnes had any notice of it until the debt had been paid to Coley, the attempted deed executed, and Barnes had acquired possession. The chancellor dismissed the bill, and his decree is here assigned as error.

Several reasons are urged in support of the equity of the bill, and as an excuse for ignoring the foreclosure proceedings set forth above. It is contended that the record fails to show notice of the sale was given as required by the mortgage. We think the proof of notice is sufficient. In the second place, it is objected that Barnes acted as auctioneer in making the sale, and became the purchaser at the sale

thus conducted by him; that the mortgagee was not present, and that he, Barnes, had no written authority for making the sale. Neither of these, nor all combined, are sufficient, without more, to justify setting the sale aside, at the instance of the mortgagor.—Jones on Mortgages, § 1861. At least, such is the rule after an acquiescence of nine years. *Garland v. Watson*, 74 Ala. 323, and authorities cited; *McLean v. Presley*, 56 Ala. 211; *Cooper v. Hornsby*, 71 Ala. 62. We need not inquire whether Coley could have claimed the purchase as being made for him, as he is not shown to have asserted such claim. It is urged, in the third place, that the memorandum of the sale made by Barnes, who cried the sale, was insufficient to take the case without the statute of frauds. The particular objections are, that Barnes was not an auctioneer, and that the memorandum is substantially defective. If this were a contest between Coley and Barnes, as to the sufficiency of the contract of sale, and of its evidence in writing so as to charge the parties, this inquiry would be material.—*Hutton v. Williams*, 35 Ala. 503. The parties, however, acted on the contract as binding, and made it binding by giving and accepting the imperfect deed which Coley made to Barnes.—*Lewis v. Wells*, 50 Ala. 198; *Cooper v. Hornsby*, 71 Ala. 62. A fourth objection is, that the so-called deed from Coley to Barnes is inoperative as a conveyance of title. This is true; but it is binding as an obligation to convey, and this takes it out of the operation of the statute of frauds.—*Jenkins v. Harrison*, 66 Ala. 345; *Blythe v. Dargin*, 68 Ala. 370; *Meyer v. Mitchell*, 75 Ala. 475; *L. & N. R. R. Co. v. Boykin*, 76 Ala. 560.

Usury is a personal defense, which, to be available, must be insisted on.—*Munter v. Linn*, 61 Ala. 492. Waiting until after Barnes had paid the full sum shown in the note and mortgage to be due, Welsh lost all right to make this defense.

There is, in this case, an irreconcilable conflict in the testimony of the two parties most opposed in interest. The view we take of the case, however, renders it unnecessary to comment on, or consider it. The version of the testimony most favorable to complainant, Welsh, tends to show a right to redeem, but not against Coley. He has been paid in full, usury and all, if there be usury, and has no interest in, or claim to the lands. If there be any right to redeem, it is against Barnes, and rests on the alleged fact, that after his purchase at foreclosure sale, he recognized his right as only a mortgage security, by accepting from Welsh partial payments on the debt it was made to

secure. This is an entirely different case from the one made by the bill, and the case must fail for the variance between the allegations and the proof.

The decree of the chancellor must be affirmed.

