# PROVIDENCE COUNTY.

PETER COLGAN *et al. vs.* MARY McNAMARA *et als.*

An advertisement of sale under the powers of sale contained in a mortgage omitted the names of the mortgagor and the mortgagee.

*Held*, that the omission did not invalidate the sale, though such omission is blameworthy, and might in connection with other errors become fatal.

The place of record of the mortgage was correctly referred to in the advertisement, but the record itself was incorrect by an error of the recording officer. The mortgage required notice of sale in some newspaper published in the county of Providence; the record, in some newspaper published in Pawtucket or Providence. The notice was actually given in a newspaper published in Central Falls, in the county of Providence.

*Held*, that the notice given was sufficient in the circumstances.

TRESPASS AND EJECTMENT. Heard by the court, jury trial being waived.

*July* 6, 1889.  PER CURIAM.  The right of the plaintiffs to recover possession of the premises sued for, as the owners thereof in fee simple, depends on the sufficiency of the notice of the mortgagee's sale under which the premises were purchased by the ancestor in title of the plaintiffs.  The notice was as follows:

"SALE OF MORTGAGED REAL ESTATE.

" Will be sold at public auction, on Friday, June 12, 1874, at 12 o'clock at noon, on the premises, by virtue of a power of sale contained in a certain mortgage deed, made and executed April 12, 1873, recorded with the Record of Deeds in the town of Lincoln, in the county of Providence, in the State of Rhode Island, in Book No. 45, at page 247, the conditions of which have been broken :

" A certain tract of land, with all the buildings and improvements thereon, situated in the town of Lincoln aforesaid, bounded and described as follows, viz.: Commencing at the southeasterly corner of land now or formerly of Thomas Mayne, on the northerly line of Cowden Street in the village of Central Falls, thence running northerly with said Mayne's land one hundred seventeen (117) feet to land of Andrew Jenks ; thence easterly with said Jenks' land fifty (50) feet ; thence southerly in a line parallel with the first mentioned line one hundred seventeen (117) feet to said Cowden Street ; thence westerly with said Cowden Street fifty (50) feet to the first mentioned bound, and is lot number thirty seven (37) on a plat made for Jason Cowden by Cushing and DeWitt, May, 1866, now on file in Lincoln Record of Plats, and are the same premises Jason Cowden conveyed to the mortgagors named in said mortgage deed, by deed dated November 15, 1871, recorded with Lincoln Record of Deeds in Book No. 47, at page 322.

" Also a certain lot of land with a one and a half story house thereon standing, situate in said town of Lincoln, and is laid out and designated as lot number twenty four (24) on a map of Mechanics' Land Company, at Central Falls, and on file with the Record of Deeds in said Lincoln.

" By order of the mortgagor's attorney.

" PAWTUCKET, R. I., May 14, 1874.                    [242—5t May 15.

"The above sale stands adjourned until Saturday, June 27, 1874, at 12 o'clock at noon.

"By order of the mortgagor's attorney.

"PAWTUCKET, June 12, 1874.                                    [247—2t Je 19."

The defendants contend that the notice is insufficient because it names neither mortgagor nor mortgagee, nor any person connected with the mortgage, and they refer to *Hoffman* v. *Anthony*, 6 R. I. 282. The notice in that case was otherwise defective. It notified a sale by virtue of a power in a deed "recorded in Book 27, page 25, of the records of deeds, etc., in the town of Cranston," when in fact the mortgage deed was recorded on page 325. It was because of this error, and because, in default of the names, no other source of information as to the terms of the mortgage and power of sale was pointed out, that the notice was condemned. It does not appear that it would have been condemned simply for not naming the mortgagor or mortgagee, or any other person connected with the mortgage, if the reference to the record had been correct. In *Fitzpatrick* v. *Fitzpatrick*, 6 R. I. 64, the notice named the mortgagor but not the mortgagee, and contained no reference to the record. It was objected to because it was not signed by the mortgagee; but the court held that it was sufficient, although, evidently, if any person wanted information about the mortgage, it would be the mortgagee, who held the mortgage, rather than the mortgagor, to whom he would naturally apply. Under the notice in the case at bar, any person desiring to know the names of the mortgagor and mortgagee could readily learn them from the record. We are not prepared to decide, in view of *Fitzpatrick* v. *Fitzpatrick*, that the mere omission of the names is fatal, though doubtless such omission is always open to animadversion and may be fatal, as in *Hoffman* v. *Anthony*, in connection with other matters.

The defendants have put in proof that the record of the deed under which the plaintiffs claim was incorrect in this, namely, the deed itself only required that the notice of sale should be advertised in some newspaper published in the county of Providence, and the notice was advertised in a newspaper published in Central Falls in said county ; whereas, by reason of some error in the

recording, the record requires advertisement in a newspaper published in Pawtucket or Providence. The defendants contend that, by reason of this error, any person examining the record would be led to think that the notice was not according to the power, and so might not attend the sale. But it would not follow that a sale which was advertised in the Central Falls paper was not also advertised in a Pawtucket or Providence paper ; and if such person were puzzled, it is to be remembered that he would learn from the record the names of the mortgagor and mortgagee, who could relieve him. The inaccuracy of the record was the fault of the recording officer, and it seems to us that it would be too strict to say that the notice was bad because of the reference to it, since the mortgagee had a right to presume that it was correct.

*Judgment for plaintiffs for possession and costs.*

*William P. Beach, Stephen A. Cooke, Jun., & Louis L. Angell,* for plaintiffs.

*John M. Brennan,* for defendants.