# Drake, *et al. v.* Rhodes.

*Bill to Cancel Mortgage, and for a Redemption.*

(Decided June 4, 1908. 46 South. 769.)

1. *Mortgage; Sale; Purchase by Mortgagee.*—A stipulation in the mortgage conferring on the mortgagee the right to purchase at foreclosure or other sale, is valid.

[Drake, et al. v. Rhodes.]

2. *Fraud; Statute of; Foreclosure; Necessity of Writing.*—The fact that there was no memorandum of the sale of land under a power in a mortgage confers upon the mortgagor no right to avoid the sale because of non-compliance with the statute of frauds; and where the mortgage authorizes it, it is immaterial that the mortgagee became the purchaser.

3. *Mortgages; Sale Under Power; Notice.*—Although the notice recited that the mortgage was executed by A. J. P. Drake instead of A. P. J. Drake, the notice was sufficient of the sale under the power contained in the mortgage where it recited the name of the mortgagee, gave the date of the mortgage, the book and page where the same was recorded and a description of the land to be sold.

4. *Same; Default in Payment.*—If the stipulations in the mortgage containing the power of sale did not require the notice of the sale to state that there was a default in the payment of the debt, a notice not containing such statement is sufficient.

APPEAL from Conecuh Chancery Court.
Heard before Hon. W. L. PARKS.

Bill by A. P. J. Drake and others against F. M. Rhodes, for the cancellation of a mortgage and for a redemption or to declare the attempted foreclosure of the mortgage invalid. From a decree dismissing the bill complainants appeal. Affirmed.

JAMES F. JONES, for appellant. A valid foreclosure cannot be made under the powers of a mortgage where such sale rests wholly in parol.—*Jackson v. Scott*, 67 Ala. 99. If notice of the foreclosure sale was not given as stipulated in the mortgage (2 Jones on Mortgage, secs. 1823 and 1827) then the mortgagor's equity of redemption was not cut off and the appellee here could not invoke the statute of limitation short of ten years and the doctrine of laches has no application.—*Sanders v. Askew*, 79 Ala. 433; *Wood v. Lake*, 62 Ala. 489; *Johnson v. Wood*, 125 Ala. 330.

L. M. LANE, and A. O. LANE, for appellee. The appellee being vested with the power of sale after default, and authorized to purchase at said sale, appellant mortga-

gors bore no such relation to the sale as entitles them to plead or set up the statute of frauds in avoidance of the sale.—*Comer v. Shehane,,* 74 Ala. 458; *Cooper v. Hornsby,* 71 Ala. 64. The appellants are barred by laches in asserting their rights in the premises, if they had any.—*Cooper v. Hornsby, supra; Elrod v. Smith,* 130 Ala. 215.

DENSON, J.—Complainants seek the cancellation of a mortgage and to redeem certain lands which were mortgaged to secure an indebtedness due from them to the respondent (mortgagee). The bill does not seek relief under the statutory right of redemption, but proceeds entirely upon the theory that there has been no valid foreclosure of the mortgage. The mortgage was executed on the 21st day of January, 1893, and was due October 1, 1893. It confers on the mortgagee, upon default in the payment of the debt secured at the time stipulated, the power to sell the land before the warehouse door in Georgiana, "after giving 10 days' notice posted at said warehouse door." It also gives the mortgagee the privilege of becoming the purchaser at the sale made under the power in the mortgage. The bill as amended avers "that orators are informed that the defendant, said F. M. Rhodes, made some sort of an effort or attempt to foreclose said mortgage, of which Exhibit A, hereto attached, is a copy, on the 26th day of May, 1896, at which attempted sale the said F. M. Rhodes became the purchaser of the land described in the mortgage, but orators charge and allege that said mortgage was never foreclosed according to the terms and stipulations contained in said mortgage; that said foreclosure sale was not advertised and notice given of said intended sale as required by the terms and stipulations of said mortgage, and that no conveyance has

[Drake, et al. v. Rhodes.]

ever been made of said lands to the purchaser at said
attempted foreclosure sale; that said foreclosure sale,
or intended foreclosure sale, under the power contained
in said mortgage, was never reduced to writing." It will
be observed that attack upon the sale is rested upon
two grounds: First, alleged defective advertisement or
notice of the sale; second, that no memorandum of the
sale was made, and therefore that it is within the statute
of frauds.

The theory of the bill, from this latter point of view,
is that there can be no valid foreclosure of a mortgage
under a power of sale contained therein, where such
sale rests in parol. It is asserted in brief of appellants'
counsel that this proposition is expressly decided and
upheld in the case of *Jackson v. Scott,* 67 Ala. 99. This
may be conceded; but, unfortunately for appellants' con-
tention, the case relied on is overturned by later cases
decided by this court.—*Tipton v. Wortham,* 93 Ala.
321, 9 South. 596, and cases there cited. It is said
in *Durden v. Whetstone,* 92 Ala. 480, 482, 483, 9 South.
176, that "the mortgagor cannot avail himself of the
defense that the sale, resting in parol, is void under the
statute of frauds. Such sale being voidable only, and
this defense personal, it is obligatory on the mortgagee
and the purchaser, so long as they treat it as binding.
A deed or note or memorandum in writing is not essen-
tial." And in *Mewburn's Heirs v. Bass,* 82 Ala. 622, 2
South. 520, it is said that the following propositions
are settled by the case of *Cooper v. Hornsby,* 71 Ala. 62.
"First. If a sale under a power in a mortgage is regular,
even though no conveyance is made, it cuts off the equity
of redemption, and reduces it to a mere statutory right.
Second. If there be no writing signed to take the contract
without the statute of frauds, only the mortgagee and
the purchaser can take advantage of the omission.

\*   \*   \*   The mortgagor has no other interest than that he obtain credit and benefit of the amount bid." The stipulation in the mortgage conferring on the mortgagee the privilege of becoming the purchaser is a valid one under our descisions (*Knox v. Armistead*, 87 Ala. 511, 6 South. 311, 5 L. R. A. 297, 13 Am. St. Rep. 65), and rendered the purchase by him as efficacious in all respect as if a stranger had been the purchaser (*Gamble v. Caldwell*, 98 Ala. 577, 12 South. 424) ; and that he was the purchaser does not put the mortgagor in a more favorable position in respect to the sale's resting in parol —does not confer on him the right to avoid the sale by reason of that fact alone. It must follow, therefore, that there is no error in the decree of the chancellor sustaining the demurrer to that part of the bill which seeks to avoid the sale on the theory that it rested in parol.

The bill was amended to meet the point made by the grounds of the demurrer that were sustained, and we have only to inquire whether the notice given of the sale conformed to the terms of the mortgage. The mortgage was executed by A. P. J. Drake and his wife, C. A. Drake. The notice recites that it was executed by A. J. P. Drake and C. A. Drake, and it is urged that, because of this transposition of the initials of the said Drake, the notice is an absolute nullity, and that the sale had in pursuance of it did not operate to effect a foreclosure of the mortgage. The notice recites that the mortgage was given to F. M. Rhodes, and gives the date of the mortgage, and the record and page of record where it is recorded in the probate office, together with the description of the lands as the same appears in the mortgage. Thus the mortgage under which the sale was advertised is definitely described, and the notice itself furnishes the means of correcting the mistake made in

[Drake, et al. v. Rhodes.]

transposing the initials of the mortgagor's name. Without further discussion of the question, the court is of the opinion that there is no merit in the point. 27 Cyc. 1467 (d), 1468, and cases cited in note 25 to the text; *Weber v. Fowler,* 11 How. Prac. (N. Y.) 458; *Johnson v. Wood,* 125 Ala. 334, 28 South. 454; *Colgan v. McNamara,* 16 R. I. 554, 18 Atl. 157; *White v. McClellan,* 62 Md. 347.

It is next insisted that the notice of sale is void, in that it does not state there was default in payment of the debt secured by the mortgage. It is sufficient to say of this contention that the stipulations in the mortgage, in respect to giving the notice of sale, make no requirement that such statement should be made; and we do not deem it important that such statement should have been embraced in the notice.—*Model Lodging, etc., v. Boston,* 114 Mass. 133.

This discussion disposes of all the points which have been urged upon our attention in the brief of appellants' counsel. We note that the bill was filed in the case for more than nine years after the sale occurred.—*Cooper v. Hornsby, supra; Elrod v. Smith,* 130 Ala. 215, 30 South. 420. The chancellor properly dismissed the bill, and the decree is in all respects affirmed.

Affirmed.

Tyson, C. J., and Anderson and McClellan, JJ., concur.