PER CURIAM.
The defendant Fred M. Richards appeals a summary judgment entered in favor of the plaintiffs Arthur Phillips and Cynthia Phillips (“the Phillipses”). The summary judgment set aside a foreclosure deed resulting from Richards’s exercise of the power of sale contained in two mortgages the Phillipses had executed on a parcel of real property located in Chilton County (“the property”). Richards also appeals two temporary restraining orders entered by the trial court that enjoined him from evicting the Phillipses from the property before the entry of the summary judgment. We decline to decide the issue raised by Richards regarding the temporary restraining orders because that issue is moot. However, we reverse the summary judgment in favor of the Phillipses and remand the case for further proceedings consistent with this opinion.
On August 19, 1984, the Phillipses executed two promissory notes in which they promised to pay Richards the total principal amount of $450,000 in order to purchase the property. The promissory notes, which provided that interest accrued at the rate of 7% per annum, required the Phillipses to make interest-only payments on January 1 of each year from 1995 through 2009 and to make a balloon payment on August 19, 2009. Contemporaneous with their execution of the promissory notes, the Phillipses executed two mortgages. on the property to secure the payment of the promissory notes.
The Phillipses made the interest-only payments each year from 1995 through 2002. The Phillipses did not make the interest-only payment due on January 1, 2003. Richards published a foreclosure notice regarding the property on March 27, April 3, and April 10, 2003, in the Chilton County News, a local newspaper of general circulation. The foreclosure notice stated that the property would be sold on April 21, 2003, on the steps of the Chilton County courthouse. The foreclosure notice also stated the name of the mortgagors, the name of the mortgagee, the recording information regarding the mortgages, and the legal description of the property. Although the preamble of the foreclosure notice inaccurately stated that the property was located in Shelby County, the legal description of the property accurately stated that the property was located in Chilton County. On April 21, 2003, Richards’s attorney conducted a foreclosure sale on the steps of the Chilton County courthouse. No other bidders appeared, and Richards’s attorney bid on the property and executed and recorded a foreclosure deed on behalf of Richards.[1] *218 Richards’s attorney then sent the Phillips-es a letter notifying them that Richards had foreclosed on the property and that they would lose their right of redemption unless they vacated the property within 10 days. The Phillipses did not vacate the property within 10 days after receiving the letter.
On October 15, 2003, the Phillipses sued Richards. They sought either a judgment setting aside the foreclosure sale or, in the alternative, a judgment allowing them to redeem the property from foreclosure. The Phillipses also sought a temporary restraining order prohibiting Richards from evicting them from the property. On October 17, 2003, the trial court entered a temporary restraining order prohibiting Richards from evicting the Phillipses. The trial court set a hearing regarding the temporary restraining order for November 14, 2003. The October 17, 2003, temporary restraining order did not require the Phillipses to give security.
Answering the complaint on November 14, 2003, Richards asserted that the foreclosure was valid. He also counterclaimed for possession of the property and sought damages for the Phillipses’ failure to vacate the property. That same day, the trial court conducted a hearing regarding the temporary restraining order. On November 20, 2003, the trial court issued another temporary restraining order prohibiting Richards from evicting the Phil-lipses from the property. The November 20, 2003, temporary restraining order did not require the Phillipses to give security. On December 3, 2003, Richards moved the trial court to alter, amend, or vacate the November 20, 2003, temporary restraining order on the ground that the Phillipses had failed to give security as required by Rule 65, Aia. R. Civ. P. The Phillipses responded that they were ready, willing, and able to give security and to pay Richards the full amount owed for the purchase of the property.
On April 12, 2004, the Phillipses moved for a summary judgment. As grounds, they asserted that the foreclosure was invalid because: (1) their failure to make the January 1, 2003, payment on its due date, i.e., January 1, 2003, did not constitute a default because the promissory notes did not contain a “delinquency clause” providing that the failure to pay the January 1, 2003, payment on its due date or within a certain period of time after its due date was an event of default; and (2) the erroneous statement in the preamble of the foreclosure notice that the property was located in Shelby County instead of Chil-ton County rendered the notice of the foreclosure sale invalid. The Phillipses also asserted that they were ready, willing, and able to pay the amounts due under the promissory notes in full.
Responding to the Phillipses’ summary-judgment motion, Richards contended that the foreclosure was valid. After a hearing, the trial court, on May 17, 2004, made and initialed this entry on the case action summary:
“Motion for Summary Judgment as filed by Plaintiff[s]. Argument heard by Court. Upon hearing the argument, Court finds that there is no genuine issue of material fact and the Plaintiff[s] Paul Arthur Phillips and Cynthia Ann Phillips are entitled to a Summary Judgment against Fred M. Richards as a matter of law. Foreclosure Deed dated April 21, 2003, recorded in Book 0287, Page 850-851 Office [of the] Judge of Probate, Chilton County, AL is set aside. S.R. This is a final judgment, there being no just cause for delay. S.R.”
The trial court’s statement that “[t]his is a final judgment” and its finding that “there [is] no just cause for delay” were *219 sufficient to make the judgment final under Rule 54(b), Ala. R. Civ. P. See Sho-Me Motor Lodges, Inc. v. Jehle-Slauson Constr. Co., 466 So.2d 83, 87 (Ala.1985) (holding that the trial court’s order was a final judgment pursuant to Rule 54(b) where the trial court found there was “ ‘no just reason for delay in the entry of said final judgment’ ” even though the trial court did not expressly “direct” the entry of final judgment); see also Schneider Nat’l Carriers, Inc. v. Tinney, 776 So.2d 753 (Ala.2000) (holding trial court made judgment final by stating that it was final in favor of one of multiple defendants and by citing Rule 54(b) even though the trial court omitted the language “that there is no just reason for delay”). Richards timely appealed to the supreme court on June 3, 2004, and the supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
On appeal, Richards argues that the trial court erred in entering a summary judgment in favor of the Phillipses because, he says, the inaccurate statement in the preamble of the foreclosure notice that the property was located in Shelby County did not render the foreclosure notice invalid. Richards cites Drake v. Rhodes, 155 Ala. 498, 46 So. 769 (1908), in support of this argument. In Drake, the mortgage had been executed by A.P.J. Drake and his wife, C.A. Drake. However, the foreclosure notice recited that the mortgage was executed by A.J.P. Drake and his wife, C.A. Drake. The mortgagors argued that the transposition of the initials of A.P.J. Drake in the foreclosure notice rendered the foreclosure notice invalid and thus rendered the foreclosure sale invalid. Rejecting this argument, the supreme court stated:
“The notice recites that the mortgage was given to F.M. Rhodes, and gives the date of the mortgage, and the record and page of record where it is recorded in the probate office, together with the description of the lands as the same appears in the mortgage. Thus the mortgage under which the sale was advertised is definitely described, and the notice itself furnishes the means of correcting the mistake made in transposing the initials of the mortgagor’s name. Without further discussion of the question, the court is of the opinion that there is no merit in the point.”
155 Ala. at 502-03, 46 So. at 770-71 (emphasis added).
The error in the case now before us, i.e., the inaccurate statement in the preamble of the foreclosure notice that the property was located in Shelby County was a more significant error than the transposition of the mortgagor’s initials in Drake. However, in the case now before us, the legal description of the property in the foreclosure notice accurately stated that the property was located in Chilton County. Moreover, like in Drake, the foreclosure notice in the case now before us accurately described the recording information regarding the mortgages under which the sale was being conducted. Thus, the foreclosure notice itself furnished the means of eliminating any confusion that might have resulted from the reference to Shelby County in its preamble. Accordingly, we conclude that the inaccurate statement in the preamble of the foreclosure notice that the property was located in Shelby County was not a sufficient basis upon which to set aside the foreclosure deed. However, because the alleged insufficiency of the notice provided by the foreclosure notice was only one of two grounds upon which the Phillipses moved for a summary judgment, Richards must also establish the invalidity of the Phillipses’ other ground in order to win a reversal of the summary judgment.
*220 The other ground for a summary judgment raised by the Phillipses was that the absence of a “delinquency clause” from their promissory notes meant that their failure to pay the January 1, 2003, payment on its due date or within a certain period after its due date did not constitute a default under the promissory notes and, therefore, that Richards was not entitled to foreclose the mortgages securing the promissory notes. Richards argues that the trial court erred if it entered the summary judgment on this ground because, he says, the promissory notes specified January 1 as the due date for each annual payment of interest from 1995 through 2009 and they contained acceleration clauses that stated:
“If default shall be made in the payment of the interest or principal when the same shall become due, or in the performance of any of the covenants or agreements contained in that certain real estate mortgage given to secure payment hereof, the entire unpaid principal of this note with interest thereon, shall become due at once at the option of the holder of this note and may be sued and collected in like manner as if the full time provided in the note had expired.”
(Emphasis added.) Thus, Richards argues that the Phillipses defaulted in the payment of the promissory notes when they failed to pay the January 1, 2003, payment on or before January 1, 2003, and, therefore, that he was entitled to foreclose the mortgages. We agree. Accordingly, we reverse the summary judgment in favor of the Phillipses and remand the case for further proceedings consistent with this opinion.
Richards has also appealed the two temporary restraining orders enjoining Richards from evicting the Phillipses from the property before the entry of the summary judgment. He argues that the trial court erred in granting them without ordering the Phillipses to give security as required by Rule 65(c), Ala. R. Civ. P. However, each of the temporary restraining orders lasted only 10 days because they were not extended. See Rule 65(b) (providing that a temporary restraining order expires “by its terms within such time after entry not to exceed ten (10) days, as the court fixes ..., unless within the time so fixed the order for good cause shown is extended or unless the party against whom the order is directed consents that it may be extended for a longer period”). Because the temporary restraining orders have expired, the issue whether the trial court erred in granting the temporary restraining orders without requiring the Phillipses to give security is moot. This court does not review moot issues. See Ex parte Connors, 855 So.2d 486, 488 (Ala.2003) (“It is well settled that the judiciary of Alabama is not empowered ‘ “to decide moot questions, abstract propositions, or to give advisory opinions, however convenient it might be to have these questions decided for the government of future cases.” ’ Stamps v. Jefferson County Bd. of Educ., 642 So.2d 941, 944 (Ala.1994) (quoting Town of Warrior v. Blaylock, 275 Ala. 113, 114, 152 So.2d 661, 662 (1963)) (emphasis omitted).”).
We decline to reach the issue raised by Richards regarding the temporary restraining orders because that issue is moot. We reverse the summary judgment in favor of the Phillipses and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
CRAWLEY, P.J., and THOMPSON, PITTMAN, and BRYAN, JJ., concur.
MURDOCK, J., concurs in the result, with writing.

. The record does not indicate how much the attorney bid on the property on behalf of Richards.