# Rainey *et al. v.* McQueen.

*Bill to Redeem Land Sold Under Mortgage.*

| 121 | 191 |
|-----|-----|
| 127 | 427 |
| 121 | 191 |
| 137 | 303 |
| 137 | 314 |

1. *Heir of mortgagor; when not affected by prescription or laches.* The rights of the heir of a mortgagor, who brings suit for redemption nineteen years after the sale of the property under the mortgage, is not affected by prescription, she having been a minor during the time; and she is not chargeable with laches, having sued within a year after reaching her majority.

2. *Foreclosure not to be assumed, when.*—A demurrer is bad which assumes that a bill shows foreclosure of a mortgage from the language that there never was any "*due foreclosure.*"

3. *Defensive matter; not necessary to be set out in bill.*—A valid sale of the equity of redemption in land sold under mortgage might furnish defense to the claim of the heir of the mortgagor of a right to redeem, but, being defensive matter, the heir is not bound in her bill to redeem to set out the petition in the probate court under which the sale was had.

4. *Equity of redemption; a. substantial interest in land; may be sold by the probate court to pay debts of estate.*—The equity of redemption in mortgaged lands, such as exists before foreclosure, is a substantial interest in the land itself which the probate court may, under its statutory jurisdiction, order sold by the personal representative for the payment of debts.

5. *Same; sale of a proceeding in rem.*—Proceedings in the probate court for the sale of the equity of redemption being *in rem,*

the property of which sale is sought must be named and described in the petition for sale, otherwise the court is without jurisdiction.

6. *Redemption; statutory right of, a mere privilege; probate court cannot sell.*—The statutory right to redeem, differing from the equity of redemption, is a mere privilege personal to those in whom the statutes vest it, and is not an interest in the land; and a petition to sell such privilege does not confer jurisdiction on the probate court to sell any interest in the mortgaged lands; and an attempted sale under order made on such petition is invalid.

7. *Same; equity of not cut off, when.*—If on a sale of land under the power contained in a mortgage the land is bid off by a person who afterwards declines to take it, and the mortgagee takes the land at the amount bid by such person, without any negotiation with him, the mortgagee is to be regarded either as a mortgagee in possession, or a purchaser at his own sale, in either case the right to redeem is not cut off.

APPEAL from the Chancery Court of Autauga.

Heard before the Hon. J. R. DOWDELL.

Lola McQueen sued by bill in chancery to redeem certain lands sold under mortgage as the property of her father. The children of the deceased mortgagee and others claiming interest in the land were made defendants. The claim made by the averment of the bill was that J. B. McQueen, the father of the complainant, executed a mortgage on certain lands to Mills Rogers and Jacob Faber, and died soon thereafter. That one of the mortgagees, Jacob Faber, and one Jno. L. Alexander, were appointed administrators of the estate of J. D. McQueen. That they concocted a scheme by which in connection with Mills Rogers they intended to defraud the children of the deceased. That in pursuance of this scheme they, after having the land sold under a power contained in the mortgage, filed a petition in the probate court to sell the lands of the estate for the payment of debts which as they knew had no existence. That the probate court ordered the sale, but decreed that the children of J. D. McQueen were entitled to an exemption of one hundred and sixty acres of the land. That the sale was not made under this order; but another petition was afterwards filed in the probate court to sell the equity

of redemption in the lands, and another order obtained under which the lands were sold, and Mills Rogers became the purchaser at the sum of $580.00, the lands being worth $4000.00. That this sale was in November, 1877, and Mills Rogers had received the rents of the land for that year to an amount equal to the sum he bid for the lands. That the mortgage sale occurred on April 20, 1877, at which sale T. W. Sadler bid off the lands for Mrs. Cooke, but she declined to take the lands and Mills Rogers without conference with her took the lands at her bid. After the death of J. D. McQueen and before the proceeding above stated, the mortgagees went into possession of the mortgaged land; and that Mills Rogers was in possession at the time of his death, and that his children and the administrator of his estate were in possession at the date of the filing of this bill. The chancellor decreed that the complainant should be let in to redeem and ordered a reference to the register. From this decree appeal was taken, and it is here assigned as error.

TROY & TOMPKINS, for appellant, Maud Rayney, contended, on the points on which the opinion rests that there was a valid sale of the mortgaged land under the power of sale contained in the mortgage; and that Rogers holding under the purchaser at the sale was not a mortgagee in possession. There is a general presumption that trustees perform their duties. So it will be presumed here that since there was a foreclosure the mortgagees proceeded in conformity to the terms of the mortgage in the exercise of the powers of sale.—*Graham v. Pitts,* 15 Miss., 307; *Burke v. Adair,* 23 W. Va., 159; *Dry den v. Stephens,* 19 W. Va., 17; *Durden v. Whetstone,* 92 Ala. 483; *Atkins v. Tutwiler,* 98 Ala. 131; *Tipton v. Worthen,* 95 Ala. 323.

GUNTER & GUNTER, *contra,* contended there was no valid exercise of the power of sale contained in the mortgage; that Rogers did not hold under a purchaser at any sale; and that Rogers and those claiming under him are mortgagees in possession before foreclosure, and chargeable with rents. The complainant had the right

13

to redeem.—2 Jones on Mortgages, Sec. 1055; *Butts v. Broughton,* 65 Ala. 570; *Brandon v. Cabaniss,* 10 Ala. 155; *Lehman v. McQueen,* 65 Ala. 570; *Rowe v. Faber,* 93 Ala. 422; *Harris v. Russell,* 93 Ala. 69.

SHARPE, J.—The relief sought by this bill of complaint is the redemption of lands from a mortgage executed by complainant's father, John D. McQueen, on the 22nd of February, 1876, in favor of Jacob Faber and Mills Rogers to secure Faber for supplies to be furnished and to indemnify both of them against liability as sureties for the mortgagor on certain notes aggregating besides interest about $1,598, due February 22nd, 1877. In the instrument power was given the mortgagees in case of McQueen's default in payments, to sell the property at public outcry to the highest bidder after a prescribed notice. John D. McQueen died in October, 1876.

This bill was filed on the 25th of September, 1895, which according to its averments was just after complainant had arrived at the age of twenty-one years. The proof shows the suit was begun during the first year of her majority. Her rights if any are not affected by prescription and having sued within a reasonable time after becoming legally capable, she is not chargeable with laches.—*Alexander v. Hill,* 88 Ala. 487; *Lindsay v. Cooper,* 94 Ala. 170.

The equitable right of redemption upon the death of the mortgagor passes to his heir.—*Butts v. Broughton,* 72 Ala. 294; Jones on Mortgages, § 1055. Therefore the right to redeem the land in question resides in the complainant unless it has in some way been legally cut off. The bill alleges "that there never was any due foreclosure of the mortgage under the powers therein contained." The grounds of demurrer assuming that the bill shows a foreclosure was had are without merit.

The averments of the bill relating to the sale of what was termed the equity of redemption are directed only to showing fraud. They are not necessary to the complainant's case since her right to redeem is not dependent upon fraud. If a valid sale was had of the equity of redemption it might furnish a defense to her claim, but being defensive matter she was not bound to set out the

petition for such sale. The bill contains equity and there was no error in the failure to dismiss it or in overruling the demurrer.

The equity of redemption in mortgaged lands, such as exists before foreclosure is a substantial interest in the land itself which the probate court may under its statutory jurisdiction order sold by the personal representative for the payment of debts.—*Perkins v. Winter,* 7 Ala. 855; *Duval v. The P. & M. Bank,* 10 Ala. 636; *Bolling v. Jones,* 67 Ala. 508. By proper proceedings under such authortiy the heir is divested of the right to redeem and the purchaser is invested with it.—*Bolling v. Jones, supra.* Such proceedings in the probate court being *in rem* the property of which a sale is sought must be named and described in the petition for sale.—Code, § 158. The description of the property is essential to the court's jurisdiction and its order can vest no title to or interest in land not included in the averments and prayer of the petition.—*Austin v. Willis,* 90 Ala. 421; *Fielder Extr. v. Childs,* 73 Ala. 567. The petition under which a sale of the right of redemption in these lands was attempted is found in the proof. Besides the fact that its description of lands applies to only a small portion of the mortgaged lands, the interest of which it prays the sale is clearly not the equity of redemption, but is only the statutory right to redeem from a sale alleged to have been made under the mortgage to Thomas W .Sadler. Such a right is a mere privilege personal to those in whom the statute vests it, and is not an interest in the land.—*Parmer v. Parmer,* 74 Ala. 285; *Childress v. Monette,* 54 Ala. 317; *Commercial Association v. Parker,* 84 Ala. 298; *Otis v. McMillan,* 70 Ala. 46.

The jurisdiction of the probate court could not attach under this petition to order the sale of any interest in the mortgaged lands and the attempted sale under the order was invalid without regard to the question raised as to whether proof was taken as the statute required.

But defendants insist that the mortgage was foreclosed by a sale made under the power to a third person in 1877, whereby complainant's equity was cut off; and the case of *Durden v. Whetstone,* 92 Ala. 480, is relied

on as supporting that position. In that case it was found from the proof that at the mortgagee's sale third persons bid off the land; that one of them declined to complete the sale and the other assumed the bid and some days thereafter by agreement between him and the mortgagee the mortgagee took the land at the price bid. It was there held following—*Cooper v. Hornsby*, 71 Ala. 62, that the sale being regular and having been made in good faith to a third person, it cut off the equity of redemption notwithstanding the absence of writings and the passing of money between the parties and that the mortgagee having acquired the land by purchase from a third person did not stand in the attitude of a purchaser at his own sale.

It is here shown by the proof that in April, 1877, and after due notice, the mortgaged lands were offered for sale under the power. The character of that transaction must be ascertained from the testimony of Thomas W. Sadler which is undisputed. He states in substance that when the lands were offered for sale there was due on the mortgage about $1,684. Then he acted in the matter as the attorney for the mortgagees and also as the agent of his sister, Mrs. Cook; that by her authority he bid off the lands for her with the understanding that she "would take the lands and settle Rogers' debt unless there was a better bid." We quote from the record that he "does not remember the price except as stated. Mrs. Cook decided not to take the land and Rogers took the lands at the price bid for her, and his recollection is that Rogers went into possession under this sale. He does not know of any agreement between Rogers and any one to the effect that he should have the property at any time before the sale." He states further that he does not know that the mortgagees ever had any interview with Mrs. Cook; that "no money passed between Rogers and Faber and Mrs. Cook or witness in reference to this sale. That he does not know as to the credits given."

The foregoing is the substance of the testimony relating to the attempted foreclosure and it does not show that either Mrs. Cook or Sadler bought and sold the land to Rogers. On the contrary it appears that Mrs.

Cook for whom the bid was made simply declined to take the lands, whereupon Rogers took them without further negotiation with either her or Sadler. Taking through no other purchaser Rogers' holding must have been as mortgagee in possession as such or as a purchaser at his own sale, and in either case complainant having seasonably elected to redeem is entitled to relief. *Alexander v. Hill* and *Cooper v. Hornsby, supra.*

The decree of the chancery court must be affirmed at appellants' cost.

No specific assignment has ben made to that part of the decree directing a reference to the register and we will not in this opinion anticipate questions that may arise thereon. As to such part, the decree is interlocutory and subject to future control of the chancery court as may be necessary to the rendition of a proper final decree.