## HENRY J. BERGMAN

*v.*

## JANE FORTESCUE et al.

[Submitted February 21st, 1908. Decided March 2d, 1908.]

1. By the terms of a purchase-money mortgage the mortgagee, upon the mortgagor's failure to pay the taxes when due, and to produce a tax receipt within thirty days thereafter, might declare the whole principal debt due and payable. On December 20th, 1906, taxes became due, and were unpaid. On March 1st, 1907, a semi-annual installment of interest fell due, which the mortgagor paid on March 30th. At the time of payment the mortgagee did not know that the taxes were unpaid. Between May 8th and June 19th, 1907, the mortgagee ascertained that the taxes had not been paid, and filed his bill of foreclosure. On July 1st the mortgagor paid the taxes, and on September 10th paid the assignee the interest due September 1st.—*Held*, that, by accepting the interest payment of March 30th, the mortgagee did not waive the benefit of the covenant allowing foreclosure on default of payment of the taxes, since the non-payment was not known to him at the time, the non-production of the tax receipt not being sufficient to charge him with notice of the fact.

2. The mortgagee having elected to declare the mortgage due, and having already instituted foreclosure proceedings at the time of the interest payment of September 10th, it was the mortgagor's duty to pay the principal with interest and costs, and his payment of the interest merely could not defeat the mortgagee's right to enforce his security in the absence of any agreement by him to that effect.

3. The rights of the assignee of a mortgage to elect to call in the principal in case of a default, provided for in the mortgage, and to foreclose for breach of condition, are the same as the rights of the mortgagee would have been had the mortgage not been assigned.

4. If the purchaser of land under a deed containing a covenant of warranty who has given a mortgage for the purchase price is kept out of possession of a portion of the premises by reason of a paramount title, which is a breach of the covenant in the deed, she is entitled, in proceedings to foreclose the mortgage, to be relieved against the mortgage to the amount of damages sustained by the breach of covenant.

5. Where the mortgagor at the time of proceedings to foreclose the mortgage has pending an action at law for the damages resulting from the breach of covenant in the deed, the decree in the foreclosure proceedings should be stayed until a judgment can be rendered in the law action, upon proper indemnity of complainant against any loss arising from the stay.

---

The bill is filed to foreclose a purchase-money mortgage for $100,000 made by Jane Fortescue to the Columbia Real Estate Company and dated March 1st, 1906. The mortgage, by its terms, matures five years after its date; but the mortgage and the bond which it secures contain a provision to the effect that the mortgagee may declare the whole principal debt due in the event of any failure on the part of the mortgagor to pay all taxes which may at any time be assessed against the property and to produce to the mortgagee a tax receipt therefor within thirty days after such taxes shall have become due and payable. The bill avers that the taxes which became due December 20th, 1906, were not paid by defendant, and that complainant has for that reason exercised his election to declare the whole principal debt due and payable.

The answer of defendant Fortescue asserts that complainant has waived his right to declare the mortgage due and payable by receiving certain interest payments since the default of the mortgagor. The following facts may be said to be admitted: December 20th, 1906, the taxes for the year 1906 became due and were not paid. March 1st, 1907, a semi-annual installment of interest fell due. March 30th, 1907, defendant paid to the mortgagee the interest which had fallen due March 1st. At the time this payment was made the mortgagee did not know that the taxes were unpaid. May 8th, 1907, the mortgage was assigned to complainant. Between May 8th and June 19th, 1907, complainant ascertained that the taxes were not paid, and on the latter date filed his bill of foreclosure. July 1st, 1907, defendant paid the taxes which fell due December 20th, 1906. September 10th, 1907, defendant paid to the complainant the interest which fell

due September 1st, 1907, and subsequently amended her answer setting forth the interest payments.

By way of cross-bill defendant asserts that the mortgage was made to secure the payment of a part of the purchase-money for lands at that time conveyed by the Columbia Real Estate Company to defendant Fortescue by deed containing a covenant by special warranty, and that the covenant was broken by reason of the fact that a portion of the premises were held by a tenant under a lease from the Columbia Real Estate Company. The cross-bill seeks to offset against the mortgage debt damages sustained by defendant by reason of the breach of the covenant of warranty. An action at law is now pending which has been brought by defendant to recover damages for the breach of covenant referred to in the cross-bill.

*Messrs. Thompson & Cole,* for the complainant.

*Messrs. Bourgeois & Sooy,* for the defendants.

LEAMING, V. C.

I am convinced that neither of the interest payments operated as a waiver of complainant's rights to enforce the payment of the entire mortgage debt.

In accepting the interest payment of March 30th, the mortgagee cannot be said to have waived the benefit of the covenant touching the non-payment of the tax, for such non-payment was unknown to the mortgagee at that time. It would be unreasonable to hold that the non-production of the tax receipt operated to charge the mortgagee with knowledge that the tax was unpaid. It is entirely consistent with common experience in such cases for the mortgagors to neglect the formal production of tax receipts when the taxes have in fact been paid. I am unable to treat that transaction as in any sense operative to afford to defendant a license to continue in default. It was not so understood by either party. Had defendant continued in default by reason of such an understanding reasonably attributable to the mortgagee's conduct, equity could properly relieve. *Bell* v. *Romaine, 30 N. J. Eq. (3 Stew.) 24.* But defendant's own testimony discloses that the only

reason for the non-payment of the tax prior to July was purely a matter of personal convenience to defendant. The decisions cited by counsel in landlord and tenant cases are of but little assistance. The right of forfeiture for failure to promptly pay rent is treated as a penalty for the landlord's security and is properly relieved against if the landlord gets the rent with interest and costs. *Fulton* v. *Greacen, 36 N. J. Eq. (9 Stew.) 216, 222; Fleming* v. *Fleming, 69 N. J. Eq. (3 Robb.) 715, 717.* In landlord and tenant cases the effect given to the act of receiving rent which has accrued after a known breach, is based upon the fact that such a transaction manifests a mutual purpose of lessor and lessee to continue that relation. On the other hand, the stipulation in a mortgage for the whole debt to mature upon default in an interest payment is not treated as a forfeiture clause, but rather as a stipulation for a period of credit on condition. Breaches of such clauses are only relieved against when purely equitable grounds, incident to the individual case, are presented. *Sprig* v. *Fisk, 21 N. J. Eq. (6 C. E. Gr.) 175, 178.* A stipulation for the prompt payment of taxes cannot be regarded as differing essentially from a like stipulation touching the prompt payment of interest. I think nothing can be found in the decisions touching the effect of paying rent after default which may be said to be analogous to the situation here presented.

The interest payment of September 10th was not made with any understanding, express or implied, that it should operate to defeat the foreclosure proceeding then pending. Complainant had at that time lawfully elected to declare the mortgage due, and it was then defendant's duty to pay it with interest and costs. The payment of a lesser amount could not be operative to defeat the right of complainant to enforce his security in the absence of some agreement upon his part to that effect. Defendant does not even claim that the interest payment was made by her with that understanding either upon her part or upon the part of complainant.

Complainant's rights as assignee of the mortgage were the same as the rights of the original mortgagee, had the mortgage not been assigned.

I am unable to afford relief to defendant by reason of the interest payments.

Touching the relief sought by way of cross-bill, it may be said that if defendant was, contrary to the covenant in her deed, kept out of possession of a portion of the premises by reason of a title paramount emanating from the Columbia Real Estate Company, she is clearly entitled to be relieved against the mortgage to the amount of damages sustained by her by reason of the breach of covenant in the deed. The testimony touching the breach of covenant is in conflict; and should a breach be at this time ascertained it will be necessary to take further testimony to adequately determine the amount of damages sustained by defendant which may be reasonably attributable to the breach. Under these circumstances, and in view of the fact that an action at law is now pending for the recovery of damages for the alleged breach of covenant, it seems manifest that the appropriate action of this court is to stay the foreclosure decree until a judgment can be rendered in the pending action at law. See cases collected in *Kuhnen* v. *Parker, 56 N. J. Eq. (11 Dick.) 286.* To entitle defendant to the stay complainant should be indemnified against any loss arising by reason of it.

I will advise an order to that effect.