# Summerford v. Hammond, et al.

## Bill to Redeem From Mortgage Foreclosure.

(Decided June 9, 1914.   65 South. 831.)

1. *Mortgages; Redemption; Equitable or Statutory Right.*—The equity of redemption is different from the statutory right to redeem, as the one never exists until the other is barred, a valid foreclosure destroying the one and creating the other; an invalid sale, however, neither destroys the one nor creates the other.

2. *Same; Foreclosure; Sale.*—A sale under and in accordance with the powers contained in a mortgage cuts off the equity of redemption as effectually as a foreclosure in chancery.

3. *Same; Invalid Sale; Redemption.*—Where a bill to redeem was not filed within fifteen years after foreclosure, the fact that a deed was not executed to the purchaser at the time of foreclosure, nor until fifteen years thereafter; that the power of sale did not specify or direct the place of sale with sufficient certainty, and that the property was not advertised for the full ten days as required by the power, were not sufficient grounds to authorize redemption.

4. *Same; Limitation.*—A mortgagor's right to redeem from a void foreclosure sale is barred after ten years.

APPEAL from Houston Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by W. H. Summerford against J. H. Hammond and others, to redeem land from an alleged invalid foreclosure sale.   From a decree dismissing the bill complainant appeals.   Affirmed.

F. H. GAINES, for appellant.   A sale of land under a power which rests wholly in parol does not divest mortgagee of the legal title nor cut off the mortgagor's equity of redemption.—*Jackson v. Scott,* 67 Ala. 99; *Cooper v. Hornsby,* 71 Ala. 65; *Tifton v. Warthem,* 93 Ala. 323. Where the power of sale requires notice to be given of the time and place of the sale, such notice is a prerequisite, and a failure to give it renders the sale invalid. —*Wood v. Lake,* 62 Ala. 489; *Sanders v. Askew,* 79 Ala.

439; *Elwood v. Smith,* 130 Ala. 215. An invalid or void foreclosure does not cut off anything until the statutory bar gives repose.—*Cooper v. Hornsby, supra; Mewburn v. Haas,* 82 Ala. 622.

ALBERT E. PACE, for appellee. The statutory right being limited to two years has been adopted as the period within which this affirmance must be sought by a bill in equity.—*Mewburn v. Bass,* 82 Ala. 622; *Ezzel v. Watson,* 83 Ala. 120; *Alexander v. Hill,* 88 Ala. 488. The facts alleged in the bill are not a sufficient excuse for a failure to file for more than fifteen years after the attempted foreclosure.

MAYFIELD, J.—This is a bill by a mortgagor, to redeem. The right asserted is the equitable, and not the statutory. The answer of the defendant set up as a defense a foreclosure under the power of the mortgage.

As has been frequently said by this court, the equity of redemption is essentially different from the statutory right. The latter never exists until the former is barred. A valid foreclosure destroys the one and creates the other; but an invalid sale neither destroys the one nor creates the other.—*Rainey v. McQueen,* 121 Ala. 191, 25 South. 920; *Bolling v. Jones,* 67 Ala. 508.

A sale under and in accordance with the powers contained in a mortgage cuts off the equity of redemption as effectually as a foreclosure in equity.

The answer of the respondent and the proof show that the mortgage in question was foreclosed, and that the mortgagee purchased at the foreclosure sale, in January, 1893, sixteen years before this bill was filed.

It is insisted by the appellant: (1) That no deed was executed at the time of the foreclosure, that it was not made until 1908, 15 years after the foreclosure; (2)

that the power of sale did not specify or direct the place at which the sale should be made, with sufficient certainty; and (3) that the property was not advertised for the full ten days, as required by the power, but for only nine days.

If there ever was anything in these objections, it is too late to set them up 15 years after the foreclosure. The foreclosure was not absolutely void on account of any one, or of all of the irregularities. At most, the irregularities would authorize only a setting aside of the foreclosure sale, and the allowing of the mortgagor to redeem; but, as we have uniformly held, the mortgagor cannot treat such a foreclosure as valid, for 10 or 15 years, and then come into a court of equity to have it set aside and to be allowed to redeem.

"A sale under the power of a mortgage will not be set aside and the mortgagor allowed to redeem nine years after the sale, when he has acquiesced in the sale all the while.—*Welsh v. Coley,* 82 Ala. 363, 2 South. 733; *Sanders v. Askew,* 79 Ala. 433." 4 Mayf. Dig. 706.

"If the mortgagor desires to avoid a sale of the equity of redemption, he must act promptly; a delay of seven years is too long.—*Peagler v. Stabler,* 91 Ala. 308, 9 South. 157." 4 Mayf. Dig. 706.

"If a mortgagor desires to avoid a sale of his equity of redemption, he must act promptly and not sleep too long upon his rights, else his laches will bar his recovery though it may not have been ten years.—*Goree v. Clements,* 94 Ala. 337, 10 South. 906." 4 Mayf. Dig. 706.

"The right to disaffirm a sale under a mortgage and to redeem is waived by a minor who waits for more than two years after attaining his majority before filing his bill for such purpose.—*Lovelace v. Hutchinson,* 106 Ala 424, 17 South. 623." 4 Mayf. Dig. 706.

What was said by STONE, C. J., in the case of *Welch v. Coley,* above, is apt and conclusive in this case:

"Several reasons are urged in support of the equity of the bill, and as an excuse for ignoring the foreclosure proceedings set forth above. It is contended that the record fails to show notice of the sale was given as required by the mortgage. We think the proof of notice is sufficient. In the second place, it is objected that Barnes acted as auctioneer in making the sale, and became the purchaser at the sale thus conducted by him; that that the mortgagee was not present; and that he (Barnes) had no written authority for making the sale. Neither of these, nor all combined, are sufficient, without more, to justify. setting the sale aside, at the instance of the mortgagor.—Jones on Mortgages, § 1861. At least, such is the rule after an acquiescence of nine years.—*Garland v. Watson,* 74 Ala. 323, and authorities cited; *McLean v. Presley,* 56 Ala. 211; *Cooper v. Hornsby,* 71 Ala. 62."

Even if the sale was void and not merely voidable, ten years is the limitation within which a mortgagor out of possession may be let in to redeem.—*Sanders v. Askew,* 79 Ala. 435; *Sloan v. Frothingham,* 65 Ala. 593.

The case was submitted on bill, answer, and proof; and the chancellor dismissed the bill. We fully concur in that decree. The complainant was not entitled to relief under any phase of the evidence.

Affirmed.

ANDERSON, C. J., and SAYRE and DE GRAFFENRIED, JJ., concur.