WALTER J. FREUND et al., complainants-respondents,

*v.*

MORRIS WEISMAN et ux., defendants-appellants.

[Submitted February 11th, 1927. Decided May 16th, 1927.]

A mortgage, on which interest and installments of principal were payable quarterly, contained clauses entitling the mortgagee to call in the principal on three months' default in payment of taxes, water rents, &c. Foreclosure based on such defaults having been begun, answer was filed setting up waivers of the several defaults, and the material defenses in such answer were struck out—on appeal, *held,* (1) that the payment of interest, or an installment of principal, or both, at a time when municipal liens were in default, is no waiver of a right to foreclose because of such default; (2) that when the right to foreclose has matured, an express waiver of that right, to be valid, must be supported by sufficient consideration, and that payment of interest due will not suffice; (3) but if a default, which normally would entitle the mortgagee to call the principal, was the result of honest mistake or misapprehension into which the defendant was led by the acts or declarations of the complainant, a court of equity will not, under such circumstances, hold the failure to pay a forfeiture of the credit.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Fielder.

*Mr. Samuel Pesin,* for the appellants.

*Mr. John D. Craven,* for the respondents.

The opinion of the court was delivered by

Parker, J.

The suit was for the foreclosure of a purchase-money mortgage for $5,000, dated August 20th, 1925, made by the defendant Morris Weisman to one Rose Blanche, and assigned to the complainants, interest at six per cent., and a $200 installment of principal payable quarterly after date and containing the usual tax, assessment and water rent default clauses, with an option to call the balance of principal in case of default in payment of any such lien for three months. The bill, filed September 23d, 1926, alleged three months' default in taxes due December 1st, 1925, and June 1st, 1926, and in water rents due May 1st, 1926. An answer was filed, and on motion the vice-chancellor struck out certain parts of it containing all that was material by way of defense, and the appeal is from this order.

The answer, in paragraph 2, denied the statements of paragraph 7 of the bill, averring the three defaults above stated, but it is obvious that this denial was abandoned on the motion, because the facts are now frankly admitted; and, indeed, were averred in the special defenses. The real defense was, therefore, by way of confession and avoidance; and the action of the vice-chancelor in striking out this traverse of paragraph 7 is not now challenged. As to this feature, the order will be affirmed.

He further struck out the first and second special defenses in the answer, and this is the gravamen of the appeal. The first defense is that on June 9th (when the tax of December 1st, 1925, was more than six months overdue, the water rents of May 1st, something over a month, and the tax of June 1st eight days overdue), the defendant husband and the

complainant Freund had a conversation in which defendant offered to pay the liens if Freund insisted thereon, but Freund said it was not necessary to pay them until defendant was in a position to do so, and that defendant relied on this statement.

The second defense is in two parts. The first is that on or about August 20th, 1926, complainants accepted a payment of interest with full knowledge that the tax and water liens were in default, and thereby (as claimed) waived the right to foreclose for such default.

The second part of the second defense is that complainants accepted interest and installments of principal on February 20th, June 9th and August 20th, notwithstanding defaults in taxes and water rents; and that at the time of such payments and their acceptance it was understood between the parties that the default in taxes of December 1st, 1925, in water rents of May 1st, 1926, and in taxes of June 1st, 1926, were to be waived, and that defendant, relying on the conduct of complainants in accepting said payments, suffered the liens to remain in default.

As to the acceptance of interest constituting a waiver *per se* of other defaults stipulated in the mortgage as entitling the mortgagee to call the principal, the rule is settled to the contrary. *Union Trust Co.* v. *New Jersey Water Co., 94 N. J. Eq. 446, 449; 41 C. J. 862.* The same rule would apply logically to a default in an installment of principal. So far, therefore, as the answer set up any such defense, that portion of it was properly struck out.

We also consider as settled the further rule that if a default in taxes or the like has matured to the point where the mortgagee is entitled to call the principal, an agreement or understanding then made or entered into, purporting to waive the default, is not binding on the mortgage unless there be some legal consideration for it. Thus in *Martin* v. *Melville, 11 N. J. Eq. 222,* the consideration was advance payment of interest not yet due; and in *Scott* v. *Curtis, 4 N. J. Adv. R. 1057; 133 Atl. Rep. 534,* the stipulated consideration was interest on the defaulted interest. So far, therefore, as the answer set up waiver of liens that were in de-

fault over three months at the time of said alleged waiver, it was likewise properly struck out.

With respect to the waiver of payment of liens not yet in default for the specified period at the time of such waiver, the rule is otherwise, and has been stated in our cases substantially as follows: If a default which normally would entitle the mortgagee to call the principal was the result of honest mistake or misapprehension into which the defendant was led by the acts or declarations of the complainant, a court of equity will not under such circumstances hold the failure to pay, a forfeiture of the credit. *DeGrott* v. *McColter, 19 N. J. Eq. 531, 533; Wilson v. Bird, 28 N. J. Eq. 352; Security Trust Co.* v. *Paper Board Co., 57 N. J. Eq. 603, 607; Bell* v. *Romaine, 30 N. J. Eq. 24; Derechinsky* v. *Epstein, 98 N. J. Eq. 79,* citing cases.

If, therefore, the answer fairly set up such a situation as to any default relied on in the bill, it would be a good defense as to that default; and if it fairly set up such a situation as to every default relied on, a substantial defense to the foreclosure would appear, and it would be error to strike out such parts of the answer.

In the case at bar the answer is very inartificially drawn, but we can make out of it averments that as to the default in taxes due December 1st, 1925, there was a waiver about February 20th, as a result of which defendants were led to omit paying such taxes on or before March 1st; and that on or about June 9th, 1926, there was a similar waiver as to taxes due June 1st and water rents May 1st, neither of which had run three months in default; and that defendants were led into allowing the defaults to mature by such waiver.

Such averments covered all the defaults relied on in the bill; it was error to strike them out as frivolous; and apparently they were not shown to be sham. So also as to a waiver on August 20th of a default which would mature September 1st.

It follows that the order brought up must be reversed so far as it relates to averments of waivers occurring before maturity of the several defaults claimed to have been waived,

and the cause remanded for hearing on those issues of fact. So far forth as the order deals with the *ex post facto* transactions set up as waivers, and the payment and acceptance of interest claimed as a waiver *per se,* it will be affirmed.

*For affirmance*—BLACK, J.   1.

*For reversal*—THE CHIEF-JUSTICE, PARKER, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ.   10