The complainants' $15,000 mortgage which they seek to foreclose bears date October 23d 1928, and is payable in two years. It contains this stipulation:
"This mortgage is second in priority to a mortgage in the nominal sum of $135,000 held by the Richmont Building and Loan Association, and in case default is made in the payment of two monthly installments of principal and interest of the Richmont Building and Loan Association mortgage, which is a first lien on said premises, then and in that event the principal sum herein secured shall be due and payable immediately thereafter, notwithstanding anything herein to the contrary."
The building and loan mortgage, also dated October 23d 1928, is payable in installments of principal of one dollar on each of three hundred and thirty-eight shares of the association, owned by the mortgagor, and assigned to the association *Page 593 
as collateral security, on the fourth Tuesday of each month until the shares shall attain the par value of $200, and interest at six per cent. on the debt payable at the same time. Two installments of principal and interest, one due the fourth Tuesday of December, 1928, the other the fourth Tuesday of January, 1929, were not paid, and the day following the last default the complainants called their mortgage. The defense is, that part of the December interest installments was paid and consequently that "two monthly installments of principal and interest" were not in default. Payment is based on this: The defendant had paid in advance the installment of principal and interest due the fourth Tuesday of November. Some substantial part of the building and loan mortgage money was not paid until November 7th, fifteen days after the date of the mortgage, and the defendant says it was promised a rebate and credit — approximately $200. The responsible clerk of the association, alleged to have made the promise, then and at the hearing denied having made it, and if the case turned on the promise, the decision would be that the defendant did not prevail on that issue. The claim was first asserted after the December installment fell due and it was in dispute when the January installment fell due. Assuming that the defendant was entitled to a credit for overpaid interest on its November installment, the fact does not relieve it of the default. Only the payment or tender of the difference would do that and the defendant made no offer in that direction.
The contention that there was no default, maturing the mortgage and justifying foreclosure, because two full installments were not unpaid is unsound. The condition of the mortgage was breached when two installments stood unpaid in full. If we adopt the defendant's interpretation of the condition, a default could be staved off indefinitely by the payment of a slight fraction of each monthly installment as it comes due.
Two days after the default the defendant paid the January installment and the court is urged not to grant relief on the theory that the default clause is in the nature of a forfeiture *Page 594 
from which equity may relieve. This is a misconception of the condition. "A stipulation in a mortgage for the whole debt to mature upon default in an interest payment is not treated as a forfeiture clause, but rather as a stipulation for a period of credit on condition. Bergman v. Fortescue, 74 N.J. Eq. 266;Weiner v. Cullens, 97 N.J. Eq. 523. The complainants were "sharp on the trigger" in calling their mortgage but were within their rights. The court has no discretion to deny them relief.
The defendants ask that execution be stayed until it can recover damages at law against the complainants for breach of a contract to install a heating plant in the apartment house on the mortgaged premises. This claim was set up as a defense and stricken out because there was no privity of contract, and as an offset, the damages were unliquidated. The mortgage was for money lent. In Kuhnen v. Parker, 56 N.J. Eq. 286, and Bergman v.Fortescue, supra, relief was granted in abatement, not offset.
Equity will in a proper case stay the execution of its decree until the defendant can recover at law, and plead the recovery as an offset against the complainant. The discretion is exercised only in equitable circumstances. There must be some privity between the causes for action; the defendant must be diligent; the recovery at law must be apparent, and he must show irreparable harm if the execution be not stayed. This suit was brought a year ago. The defendant has not as yet commenced an action at law. If and when it recovers it can collect, for the solvency of the complainant is assured. In Brown v.Hendrickson, 39 N.J. Law 239, the Supreme Court offset judgments. In Blackburn v. Reilly, 48 N.J. Law 82, that court stayed execution on a judgment until the defendant could recover money damages he could have recovered by way of recoupment in the judgment suit had he pleaded it. In Conant v. Pettit,92 N.J. Law 543, where the court of errors and appeals suggested the propriety of a stay, the cause of action resulting in judgment and the cause of action of the prospective judgment arose out of the same transaction. The complainants are entitled to a decree. Execution will not be stayed. *Page 595