EDWIN ENGLER, complainant-appellee,

*v.*

HARRY BUESSER et al., defendant-appellant.

[Submitted October term, 1929. Decided May 19th, 1930.]

174

*Messrs. Dippel, Davis & Stewart,* for the complainant-appellee.

*Mr. Nicholas S. Schloeder,* for the defendant-appellant.

The opinion of the court was delivered by

WELLS, J.

This is an appeal from an order of the court of chancery striking out an answer filed by the defendant in a foreclosure suit.

The mortgage was dated May 1st, 1928, and given by one John J. Murphy to the complainant to secure the payment of a bond of like date for $2,500, on May 1st, 1931, with interest at the rate of six per cent. per annum, payable quarterly.

The bond and mortgage contained a clause that if any installment of interest should remain unpaid for thirty days after the same should fall due, then the whole principal sum with all unpaid interest would, at the option of the mortgagee, his representatives or assigns, become immediately due.

On February 1st, 1929, three months' interest fell due on complainant's bond and mortgage and remained unpaid for more than thirty days. Complainant, therefore, elected that the whole principal sum, with interest, should become immediately due, and filed a bill to foreclose.

The defendant filed an answer, admitting the default, but alleging that it was the result of honest mistake and misapprehension to which he was led by the acts and declarations of the complainant; that on or about November 22d, 1928 (the default occurred February 1st, 1929), the complainant agreed with the defendant that he would call at the residence of the defendant whenever the future installments of interest would become due and further agreed to waive strict performance by the defendant as to future payments not then in default, all as he had then presently done; and relying upon this promise and ignorant of the address of complainant, that defendant was unable to pay the interest within the time set forth in said mortgage; that he tendered himself ready and willing to pay all interst due on said mortgage as and when directed by the court.

Thereafter the complainant moved to strike out the answer as sham and annexed an affidavit in support of his motion wherein he specifically denies the allegations of defendant's answer.

The defendant in reply filed an affidavit in support of his answer and in response to the affidavit of complainant in which he sets forth facts and circumstances substantially as follows:

That on November 22d, 1928, the complainant called at defendant's home for his quarterly interest payment; that this was the first time defendant had met complainant since he bought the property three months before; that defendant complained to complainant about making payments quarterly and complainant said it made no difference to him when the interest was paid; that he knew defendant was responsible; that he had nothing to fear so far as the payments were concerned; that quarterly sums were trivial and he would call from time to time upon the defendant and collect the interest; that there was no need for complainant to give defendant his address as he was not always at home; that the better method would be for complainant to call at defendant's home as he was then doing and collect the interest; that defendant was lulled into security by this conversation

with the complainant and not having heard from complainant and not knowing his address he had no way of sending him the interest which fell due February 1st, 1929.

That the next time he heard from complainant was after the thirty-day period had expired, in the early part of March, 1929, when complainant demanded the payment of the principal of the mortgage; that defendant is a man of means and could readily have paid the quarterly installments and would have taken them to the complainant had the complainant not made other arrangements with defendant.

We think that if the facts stated in defendant's answer and affidavit are true the bill to foreclose was prematurely filed.

In the case of *Freund* v. *Weisman, 101 N. J. Eq. 245; 137 Atl. Rep. 885,* this court held that with respect to the waiver of payment of liens not yet in default for the specified period at the time of such waiver, the rule has been stated in our cases substantially as follows:

"If a default which normally would entitle the mortgagee to call the principal was the result of honest mistake or misapprehension into which the defendant was led by the acts or declarations of the complainant, a court of equity will not under such circumstances hold the failure to pay a forfeiture of the credit."

"If, therefore, the answer fairly set up such a situation as to any default relied on in the bill, it would be a good defense as to that default; and if it fairly set up such a situation as to every default relied on, a substantial defense to the foreclosure would appear, and it would be error to strike out such parts of the answer."

According to the defendant's affidavit this was the situation in the present case.

The default which is made the basis of the suit occurred *after* the agreement alleged in the answer was made relative to future installments.

Vice-Chancellor Leaming, in the case of *South Camden Trust Co. of Camden* v. *Stiefel, 101 N. J. Eq. 41; 137 Atl. Rep. 91,* said:

"Since a pleading which bases a defense on matters which are untrue is a mere sham and an obstruction of justice in a pending suit, in this state it has been thought to be within the powers of the court to test the truth of the defensive matter by affidavits filed in support of a motion to strike the pleading from the records. In some jurisdictions this procedure has been held violative of the constitutional right of trial of issues of fact by a jury or by orderly examination and cross-examination of witnesses [as to such cases see an extended note on "Sham Pleadings" in *113 Am. St. Rep. 639*], but in this state the procedure is regarded as merely an inquiry whether there is an issue of fact to be tried; a distinction being recognized between the determination whether there is a real issue to be tried and the trial of an issue upon a motion; whether what in form is an issue is a real issue. *Coykendall* v. *Robinson, 39 N. J. Law 98.*"

This court has held that—

"To warrant the court, however, in striking out a plea as false or sham it must be so palpably false or insufficient in law as to enable the court to conclude that the defendant is seeking delay or trifling with the process of the law." *Fidelity, &c., Insurance Co.* v. *Wilkesbarre, &c., Railroad Co., 98 N. J. Law 507; 120 Atl. Rep. 734.*

Applying these principles we think the court of chancery erred in disposing of this matter on a motion to strike out the answer and we are of the opinion that the matters put in issue by the pleadings and affidavits of the parties to the foreclosure suit should have been disposed of only upon proofs in a hearing upon the bill, answer and replication.

The order of the court of chancery should be reversed.

*For affirmance*—KAYS, HETFIELD, JJ.   2.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, McGLENNON, DEAR, WELLS, JJ.   12.