[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15369
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cv-01744-SLB

FEDERAL HOME LOAN MORTGAGE CORPORATION,

Plaintiff-Counter Defendant-Appellee,

versus

MARGARET WILSON,

Defendant-Counter Claimant-Appellant,

WELLS FARGO BANK N.A.,

Counter Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(July 12, 2017)

Before TJOFLAT, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Margaret Wilson appeals from the district court's grant of summary judgment in favor of the Federal Home Loan Mortgage Corporation ("Freddie Mac") and Wells Fargo Bank N.A. ("Wells Fargo") on their claim for ejectment and Wilson's counterclaims for breach of contract, wrongful foreclosure, negligence, slander of title, defamation, invasion of privacy, and violations of the Fair Credit Reporting Act.  On appeal, Wilson argues that the district court erred in: (1) granting summary judgment on the ejectment claim because (a) Wells Fargo lacked authority to conduct the foreclosure sale of her home in its own name, (b) it is disputed whether the sale took place during the legal hours of sale under Alabama law, and (c) Freddie Mac and Wells Fargo were estopped from claiming a proper foreclosure based on Wells Fargo's conduct; and (2) granting summary judgment on her counterclaims for breach of contract, wrongful foreclosure, negligence, and slander of title.  After careful review, we affirm.

We review a district court's order granting summary judgment <u>de novo</u>, viewing the material presented and drawing all factual inferences in the light most favorable to the nonmoving party.  <u>Brooks v. Cnty. Comm'n of Jefferson Cnty., Ala.</u>, 446 F.3d 1160, 1161–62 (11th Cir. 2006).  Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A mere scintilla of evidence supporting the nonmoving party's position will not

2

suffice."    Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (alteration adopted) (quotations omitted).

The district court did not err in determining that the foreclosure sale was proper.  As for Wilson's claim that Wells Fargo lacked the authority to conduct the sale in its own name because Wells Fargo sold the mortgage to Freddie Mac, we are unpersuaded.  The Alabama Code provides that a note can be enforced by (1) the holder of the instrument, (2) a nonholder who is in possession of the instrument and who has the rights of a holder, or (3) a person not in possession of the instrument who is entitled to enforce it.  Ala. Code § 7-3-301.  A "holder" is "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession."  Id. § 7-1-201(21)(A).  A negotiable instrument that has been endorsed in blank is payable to bearer.  Id. § 7-3-205(b).  Moreover, "[a] person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument."  Id. § 7-3-301. "Possession of a note payable to order and indorsed in blank is prima facie evidence of ownership."  Thomas v. Wells Fargo Bank, N.A., 116 So. 3d 226, 233 (Ala. Civ. App. 2012).

The undisputed evidence showed that Wells Fargo originated the loan and subsequently assigned both the mortgage and note to Freddie Mac.[1]  In conjunction with the assignment, Wells Fargo endorsed the note in blank, but retained physical possession of the note and mortgage, and agreed to act as the loan servicer and document custodian for Freddie Mac.  Thus, because of the assignment, Freddie Mac held legal title to the mortgage, and Wells Fargo possessed the right to enforce the remedies in the note, including the power of sale, as the entity in possession of the note.  See Ala. Code § 7-3-301.  Because the note was endorsed in blank, Wells Fargo was properly considered the holder of the note and of the power of sale in the note by virtue of possession of the note.  See id. §§ 7-1-201(21)(A), § 7-3-205(b); Thomas, 116 So. 3d at 233.  So even though Wells Fargo only possessed the note as document custodian for Freddie Mac, ownership of the note is not required.  See Ala. Code § 7-3-301.

Wilson also claims that Wells Fargo's agreement with Freddie Mac required it to fill out a form, as the loan servicer, to obtain the note from the document custodian in order to become the holder of the note.  We disagree.  To the extent Wilson argues that Wells Fargo lacked authority to foreclose in its own name because it violated its agreement with Freddie Mac, Wilson was not a party to that

---

[1] Wells Fargo Home Mortgage, Inc. ("WFHMI") originated the loan.  The foreclosure deed stated that Wells Fargo is the "successor by merger" to WFHMI.  Wilson asserted before the district court that WFHMI and Wells Fargo were not the same entity, but she did not present any evidence to support that assertion.

agreement and cannot raise a violation of its terms. See Dunning v. New England Life Ins. Co. 890 So. 2d 92, 97 (Ala. 2003). Further, the undisputed evidence showed that Wells Fargo was both the document custodian and the loan servicer. A representative of Freddie Mac and Wells Fargo testified that Wells Fargo had possession of the note and mortgage since the year it was originated. He further said that Wells Fargo would not have submitted a form since it already possessed the note as the document custodian. Thus, the district court did not err in holding that Wells Fargo had authority to initiate the foreclosure sale in its own name.

We are also unpersuaded that there was a genuine dispute of material fact about whether the foreclosure sale occurred during the hours allowed by Alabama law. Alabama requires a foreclosure sale to be held between the hours of 11 A.M. and 4 P.M. Ala. Code § 35-10-14. Freddie Mac and Wells Fargo presented the foreclosure deed, signed by the auctioneer, which indicated that the sale was held during the lawful hours of sale. Alabama courts have held that a foreclosure deed that contains recitals showing compliance with mortgage terms is "prima facie evidence of facts stated therein," and the statements in the deed establish the fact and validity of the foreclosure sale "in the absence of evidence to show that the recitals are untrue." Garst v. Johnson, 37 So. 2d 183, 185 (Ala. 1948). Wilson argues that the evidence showed that the statement about the time of sale was untrue because the auctioneer's certificate of the sale said the sale took place at

5

either 10:49 a.m. or 11:49 a.m.[2]  Viewing this evidence in the light most favorable to Wilson, it merely demonstrated that the auctioneer's certificate was ambiguous. Brooks, 446 F.3d at 1161–62.   This ambiguity did not affirmatively show that the statement in the foreclosure deed was untrue.  Garst, 37 So. 2d at 185.  Because Wilson failed to rebut the prima facie showing of Freddie Mac and Wells Fargo, the district court did not err in concluding that the foreclosure sale was proper.

Finally, we are unconvinced that the doctrine of equitable estoppel bars the ejectment action because Wells Fargo's previous postponements of the foreclosure sale and continued attempts to work with Wilson to mitigate the loss "lull[ed] her into a false sense of security."   Under Alabama law, equitable estoppel is warranted when:

> [t]he actor, who usually must have knowledge of the true facts, communicates something in a misleading way, either by words, conduct or silence. The other relies upon that communication. And the other would be harmed materially if the actor is later permitted to assert any claim inconsistent with his earlier conduct.

Mazer v. Jackson Ins. Agency, 340 So. 2d 770, 773 (Ala. 1976) (citation and internal quotation marks omitted).

Wilson notes that the foreclosure sale was postponed several times, and Wells Fargo requested documents from her to assess whether she was eligible for a

---

[2] For the time of sale, the auctioneer either wrote "10:49" and then overwrote the "0" with a "1" to make "11:49," or wrote "11:49" and then overwrote the second "1" with a "0" to make "10:49."

third loan modification up to the time of the foreclosure sale. However, Wilson's deposition testimony revealed that no one at Wells Fargo guaranteed her a loan modification or foreclosure postponement, she knew that she had been denied a third modification and her appeal had been unsuccessful, and she knew it was too late. She had been told that the sale would go forward, but she hoped that she would be granted a modification or postponement because she was doing everything Wells Fargo asked her to do. Thus, nothing in the record suggested that Wells Fargo misled Wilson to believe that she would be granted a modification or that the sale would be postponed. Id. Accordingly, the district court properly declined to apply the doctrine of equitable estoppel in this case.

Moreover, the district court properly granted summary judgment in favor of Freddie Mac and Wells Fargo on their ejectment claim. Wilson argues that she demonstrated that Freddie Mac's right to possess the property is in dispute because the foreclosure sale was invalid. Under Alabama law, "a complaint seeking ejectment is sufficient if it alleges that the plaintiff was possessed of the premises or has the legal title thereto, properly designating or describing them, and that the defendant entered thereupon and unlawfully withholds and detains the same." Steele v. Fed. Nat'l Mortg. Ass'n, 69 So. 3d 89, 93 (Ala. 2010) (quotation omitted). Freddie Mac demonstrated that it had legal title by presenting the foreclosure deed, and it is undisputed that Wilson has not vacated the premises.

Where there is a collateral attack on the foreclosure process in an ejectment action, only a wrongful foreclosure that renders the sale void can overcome the right to assert ejectment. Campbell v. Bank of Am., N.A., 141 So. 3d 492, 494-95 (Ala. Civ. App. 2012). As we've discussed, Wilson failed to demonstrate that the foreclosure was wrongful. Accordingly, she also failed to show that the foreclosure rendered the sale void.

Wilson's arguments that the district court erred in granting Freddie Mac and Wells Fargo summary judgment on her counterclaims for breach of contract, wrongful foreclosure, negligence, and slander of title are based on her assertions that Wells Fargo lacked the authority to conduct the foreclosure sale in its own name, and the sale did not take place during the legal hours of sale. Because we have rejected those claims, her challenges to the district court's decision as to her counterclaims also fail.

Accordingly, we affirm.

**AFFIRMED.**